James Hightower (pro per Plaintiff)
29142 Hidden Meadow Drive
Menifee, CA 92584
Ph.: 951-490-3355

**FEE PAID**

FILED
CLERK, U.S. DISTRICT COURT

**02/21/2023**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)

I/S

| | |
|---|---|
| James Hightower<br><br>Plaintiff,<br><br>vs.<br><br>Kaiser Foundation Health Plan, Inc (KFHP). The Office of the Independent Administrator (OIA) (Attorney Marcella A Bell; Neutral Deborah Z. Wissley) and Does 1-10<br><br>Defendant | Case No. 5:23-cv-00282-SSS(SPx)<br>**PLAINTIFF COMPLAINT FOR DAMAGES**<br>1. Intentional infliction of Emotional Distress to Incite Plaintiff's Suicidal Ideation and to intimidate Plaintiff into forging his claims against KFHP.<br>2. Fraud in the Inducement of ADR to Reprieve (Aid and Abet) KFHP of their Crimes Through Acts of Material Misrepresentation, Concealment of Key Provisions, Denied Right to Pre-Arbitration Mediation and Neutral Bias<br>**3.** Judicial Review of The Arbitrator's Decision to Deny Plaintiff's Motion for Dispositive Sanctions Judgment. Code Civ. Proc., § 1286.2, Subd. (A) |

**BENCH TRIAL REQUESTED**

James Hightower ("Pro Se Plaintiff") brings this action, individually and on behalf of all others similarly situated, alleges upon information and belief, as follows:

## PRELIMINARY STATEMENT

As an initial matter, Plaintiff James Hightower (pro se) brings this action before the Court, requesting that it use its inherent powers to determine whether the arbitration agreement presented by KFHP is no longer valid (waived) due to their fraud in inducing the agreement, whether the arbitrator's decision to deny Plaintiff's motion for Dispositive Sanctions was procured by corruption, fraud or other undue means, whether the arbitrator actions manifest errors and biases that cause substantial injustice, and whether the arbitration entity assigned to govern KFHP arbitration should be dismissed and another appointed due to their aiding and abetting KFHP to cover up their acts of immediate jeopardy against Plaintiff and other Kaiser members alike.

1

## FACTS NOT SUBJECT TO DISPUTE

2    1.   Despite demanding that all claims relating to KFHP healthcare coverage or

3   delivery of services, (regardless of legal theory) be submitted to arbitration (sometimes

4   ADR) and despite negotiating a settlement of court case 5:22−cv−00181−JWH−KK,

5   before Magistrate Kato in January 2023 that (in part) requires Plaintiff to give up his

6   right to a jury trial and pursue arbitration to resolve his claims against KFHP via the

7   Office of the Independent Administrator (OIA) unimpeded and without objection.

8    2.   KFHP breached the agreement, breached its own arbitration provisions to

9   expeditiously resolve complaints submitted to ADR, and (unethically) breached their

10   promise to never again take any action to delay arbitration after their procedural

11   manipulations to delay and obstruct the ADR proceedings denied Mr. Engalla a fair

12   opportunity to be heard before his death (see Engalla v. Permanente Medical Group,

13   Inc. (1997).

14    3.   In direct contrast to their promises. The executives and counsel for KFHP

15   continued their procedural manipulations as they (first) filed baseless demurrers,

16   withdrew it, and then refused to respond to the ADR claims, refused to provide

17   discovery and refused to stipulate any agreement to resolve claims not subject to

18   dispute.

19    4.   KFHP instead attempted to coerce and intimidate Plaintiff into dismissing his

20   claims filed via the OIA in violation of 42 U.S.C. 12203(b), after ADR was initiated

21   via the OIA: "abandoned" its "fiduciary duty" to protect Plaintiff after he requested an

22   "accommodation" due to ruminating thoughts of self-harm (suicide) and soon

23   thereafter began engaging in tortious conduct directed to deny due process.

24    5.   KFHP's breach of their fiduciary duty to Plaintiff as his health care provider is

25   believed to be (in part) retaliatory due to his reporting KFHP fraudulent concealment

26   and misrepresentations to Judge Holcomb. As, each act of malfeasance occurred in

27   violation of the Americans with Disabilities Act (ADA), after Plaintiff advised the

28

**PLAINTIFF's COMPLAINT FOR DAMAGES**

1   judge that KFHP gamesmanship was causing him to experience severe emotional

2   distress, including severe depression that was causing him to lose his will to live.

3       6.   The neutral assigned by the OIA, Attorney Wissley, was by far the rudest and

4   most tactless arbitrator this author has ever experienced in his previous times in

5   arbitration, not to mention her biased actions and refusal to carry out ADR in the

6   manner promised. However, Neutral Wissley is now a party to the suit as the plaintiff

7   invoked his right to recuse her as the first neutral, Wissley ignored the request and

8   refused to do so in violation of OIA rules for ADR and California State Law.

9       7.   The Arbitration Agreement presented for members to sign (resolve disputes

10  arising of KFHP Membership Agreement) is based on fraud. In that where KFHP

11  arbitration provision expressly states the OIA "intended purpose" is to ensure ADR is

12  carried out fairly, expeditiously etc. and grants the OIA authority and power to enforce

13  these provisions. On Thursday, January 19, 2023, at 3:33:11 PM, attorney Marcella

14  Bell (Law Offices of Marcella A. Bell) admits that her authority overseeing arbitration

15  via OIA is only "minstrel." Thus, my attempt to force KFHP to comply with the

16  "settlement agreement," "terms of the arbitration agreement," "the rules of the OIA,"

17  "the KFHP membership agreement," and "recusal" of the neutral arbitrator assigned to

18  arbitrate the case (Attorney Wissley) must be resolved by the court, and not the OIA.[1]

19      8.   The OIA and Neutral assigned to arbitrate OIA Case No. 22-6209-GSR are

20  colluding, if not aiding and abetting KFHP, to deny and/or deprive Plaintiff and other

21  Kaiser members alike of our rights under the Fourteenth Amendment (due process

22  rights) and force us to take part in a biased arbitration mechanism. As essentially every

23  material fact about their arbitration program, the laws governing ADR, and the

24  authority imposed on them to ensure ADR is carried out fairly, expeditiously, cost

25  effectively, and protects the interests of KFHP Members were ignored, misstated,

26  omitted, and concealed.

27

28

---

[1] The Law Offices of Marcella A. Bell (Law Offices) has had a contract with the AOB to independently administer the arbitration system since March 29, 2015. (Status of Blue-Ribbon Panel Recommendations)

**PLAINTIFF's COMPLAINT FOR DAMAGES**

# TABLE OF CONTENTS

**NO RESPONSE TO NOTICE OF INTENT TO SUE** ...................................................... **5**

**PARTIES TO THE CIVIL ACTION** .......................................................................... **6**

**JURISDICTION** ........................................................................................................ **7**

**VENUE** ...................................................................................................................... **7**

**INTRADISTRICT ASSIGNMENT** ............................................................................ **7**

**PLAINTIFF'S COMPLAINT FOR DAMAGES** ........................................................ **7**

  I. Intentional Infliction of Emotional Distress to Incite Plaintiff's Suicidal Ideation ...................................... 7

  II. Fraud In the Inducement of ADR To Reprieve (Aid And Abet) KFHP Of Their Crimes Through Acts Of Material Misrepresentation; Concealment; Denied Rights And Neutral Bias ................................................ 10

    Material Misrepresentation of KFHP ADR Agreement and Rules of the OIA .......................................... 13

    Concealment of Key Provisions ........................................................................ 16

    Denied Right to Pre-Arbitration Mediation ........................................................ 18

    Neutral Bias: ........................................................................................................ 18

  III. Judicial Review of The Arbitrator's Decision to Deny Plaintiff's Motion for Default Judgment. Code Civ. Proc., § 1286.2, Subd. (A) ........................................................................ 23

**PRAYER FOR RELIEF** ............................................................................................ **25**

  1. Plaintiff Motion for Dispositive Sanctions Granted: .................................................. 25

**IN THE ALTERNATIVE**

  2. An Order of Protection to Protect Plaintiff's Mental Health: ..................................... 26

  3. Mediation: ........................................................................................................... 26

  4. Leave of court and Stay of ADR to amend the complaint a "second" time to add new claims. ................ 26

  5. Arbitrator Wissley Recused: .............................................................................. 26

  6. A New ADR Entity Assigned: ............................................................................ 27

  7. Venue: ADR held in person (not via zoom) ........................................................ 27

PLAINTIFF's COMPLAINT FOR DAMAGES

## NO RESPONSE TO NOTICE OF INTENT TO SUE

Before filing this claim, On Monday, February 6, 2023, at 3:02 PM. I attempted to resolve this dispute (See email communication attached herewith as Exhibit "B") by contacting the OIA (Attorney Bell), Counsel for KFHP (Attorney Blakely), and the OIA's assigned Neutral (Attorney Wissley) via email, seeking an explanation or the (legal) grounds for their refusal to comply with the express terms of the agreement, the rules of the OIA, Neutral Wissley unethical conduct, and their refusal to recuse Ms. Wissley from the case due to said conduct.

However, this attempt would fail. As beyond Attorney Bell's advising the OIA, is not a party to the action as her the duties as Independent Administrator are only ministerial. No other party responded to the requests. And while the defendants were served a "rough draft" of the alleged violations and notified of my intent to file this case in court if they did not reply. No response was received. Thus, the dispute remains unresolved, and no remedy has been found that would warrant not filing this claim in federal court.

DATED: Tuesday, February 21, 2023

*James Hightower*
James Hightower (Pro Per)
29142 Hidden Meadow Dr
Menifee, CA 92584
Ph: 951-490-3355

– 5 –

## PARTIES TO THE CIVIL ACTION

### Plaintiff

**James Hightower**, (a Disabled Veteran and African American Male) hereafter (Plaintiff) was, at all times material hereto was a member of KFHP and member of a protected group due to his disability pursuant to 42 U.S.C. §12102(2). Plaintiff's Address: 29172 Hidden Meadow Drive Menifee CA 92584. plaintiff

### Defendant

1. **Kaiser Foundation Health Plan (KFHP)**: is an American integrated managed care consortium, that owns hospitals through Kaiser Foundation Hospitals (KFH), and contracts with Southern California Permanente Medical Group (SCPMG) to provide medical services for its members dba Kaiser Permanente. Collectively, (per KFHP Membership Agreement attached herewith as Exhibit "A") the entities are known as Kaiser Parties, and at all times relevant, Kaiser Foundation Health Plan (KFHP) was and is Plaintiff's health care provider in Riverside California. Attorney Scott Blakely was the counsel for Kaiser Permanente at the time this claim was filed.

2. **Kaiser Foundation Health Plan, Inc. address**: 20626 Deergrass Ct Porter Ranch, CA 91326. Mailing Address P.O. Box 741562 Los Angeles, CA 90074: Agent Individual: Lorene Hackett 5859244

3. **The Office of Independent Administration (OIA):** is the assigned entity governing arbitrations between Kaiser Foundation Health Plan, Inc., and its California members. At all times relevant, **Attorney Marcella A. Bell**, was the Independent Administrator of the OIA. **Attorney Deborah Z. Wissley (OIA)**: assigned Neutral Arbitrator by the OIA.

4. **The address of the (OIA)**: 635 S. Hobart Blvd., #A35 Los Angeles, CA 90005

5. The true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names pursuant to Code. Civ. Proc. § 474. Plaintiff alleges that each fictitiously named Defendant acted or failed to act in such a manner that each has

contributed to proximately causing the damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to set forth their true names and capacities when ascertained.

## JURISDICTION

**6.** In conjunction to the claims that arise due to KFHP violation of the terms of the settlement agreement negotiated by the Honorable Judge Holcomb in case 5:22-cv-00181-JWH-KK in January 2023. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Americans with Disabilities Act (ADA), Fourteenth Amendment and 42 U.S. Code § 3617, federal statutes. As to claims under the state law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

**7.** The venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

**8.** This lawsuit should be assigned to the Riverside (East) Division of this court because a substantial part of the events which give rise to this case occurred in Riverside County.

## PLAINTIFF'S COMPLAINT FOR DAMAGES

### I. Intentional Infliction of Emotional Distress to Incite Plaintiff's Suicidal Ideation

(Against Defendants Kaiser Foundation Hospital, the Neutral of the OIA and DOES 1-10 inclusive)

**1.** Where Plaintiff alleges KFHP (his health care provider) violated his rights under the Americans with Disabilities Act (ADA) and intentionally engaged in (tortuous)

acts of intimidation, they knew they would cause him severe emotional distress and possibly suicide.

**2.** He does so in reliance on *federal law U.S. Code § 3617: Interference, coercion, or intimidation* and the supporting facts that KFHP (the Kaiser Parties) breached the bright-line rules imposed upon them as his health care provider during ADR and demonstrated extreme, outrageous and reckless conduct with intent to harm through acts that include but are not limited to **(i)** ignoring their duty to Plaintiff as his health care provider, ignoring Plaintiff's warning of the harm their actions was causing and informing Plaintiff that his "mental health" was none of their (Kaiser's) concern after Plaintiff advised the counsel of KFHP that he was "losing his will to live" due to their deceit, unsubstantiated claims defaming his name and character. **(ii)** Where Plaintiff attempted to invoke his rights under the KFHP Membership Agreement and have the matters expeditiously resolved by a neutral third party. Thus, provided proof that he has been a KFHP member since 2010 and provided a copy of his medical records to confirm his mental health disabilities. Counsel for KFHP "lied" to the judge so that Plaintiff's request would be denied by deceitfully alleging KFHP is separate and distinct from KFH/SCPMG and KFH/SCPMG has no duty arising out of or related to Plaintiff's membership in KFHP. **(iii)** Despite being provided Plaintiff's medical records confirming his history under the care of a KFHP psychiatrist just days prior in May of 2022. In June of 2022: KFHP would prey on the vulnerability of Plaintiff by taking active steps to "humiliate" him by subpoenaing his mental health records from his current and past employers as far back as thirteen years. **(iv)** Where Plaintiff's medical records confirms he reasonably feared for his own safety and his requested reasonable accommodation as a KFHP member established the special relationships that gave rise to an independent duty by KFHP to avoid inflicting emotional distress. KFHP "intentionally" breached this duty by "intentionally" misstating Kaiser Permanente Health Care Consortium to deny the existence of a preexisting relationship between the plaintiff and KFHP to avoid a "direct victim" charge of emotional distress

under the strict foreseeability standard in the Membership Agreement. **(v)** On January 18, 2023: during the Case Mgt. Conference: Plaintiff advised the Neutral (attorney Wissley) and counsel of KFHP (Attorney Blakely) that that he (Plaintiff) is incapable of "functioning" in high stress situations and requested KFHP agree to expedite the arbitration proceedings by providing the requested discovery and or the defense they rely on to resolve claims that cannot reasonably be denied. This request was denied. **(vi)** Where OIA Rule 33 (a): states expedited procedures are available in OIA arbitration where a claimant or member suffers from an illness or condition raising substantial medical doubt of survival until the time set for an award according to Rule 24. And Plaintiff having submitted the declarations by his physicians confirming his history of suicidal ideation in high stress meets this criterion. Both the Independent Administrator (Attorney Bell) and the Neutral Arbitrator (Attorney Wissley) refused to expedite the proceedings.

**3.** Where Plaintiff alleges the acts of KFHP, and their counsel are malicious and intended to interfere, coerce and or intimidate him into dismissing his claims against KFHP in violation of 42 U.S. Code § 3617 – He does so in reliance of the fact that while counsel is expected to zealously advocate on behalf of their clients. Counsel for KFHP breached their duty by **(i)** engaging in vexatious, harassing litigation tactics and asserting frivolous claims in violation of Model Rules of Prof' Conduct R. 3.1 (2010). The counsel for KFHP turned a blind eye to the fact that KFHP intentionally misstated the business make up and authority. **(iii)** Counsels' refusal to "stipulate" an agreement for discovery and facts that cannot reasonable denied confirms they engaged in actions that "have no substantial purpose other than to delay, or burden Plaintiff. Id. R. 4.4(a). Moreover **(iv)** the evidence confirms counsel for KFHP engaged in dishonest behavior during the litigation process, by concealing KFHP polices, concealing KFHP membership agreement and knowingly introducing perjured testimony to evade prosecution of immediate jeopardy. Id. R. 4.1; id. R. 8.4(c); id. R. 3.4(a). To assert

claims of attorney fraud, Plaintiff relied on *Kachig v. Boothe, 99 Cal. Rptr. 393, 402–03 (Ct. App. 1971) (involving IIED claim based upon introduction of false evidence).*

**4.**  Furthermore, per California Department of Managed Health Care: Kaiser Parties et al had a professional obligation to refrain from taking any conduct that they knew, with a reasonable amount of assurance, would injure the Plaintiff. However, intentionally breached this duty despite being provided proof (copies of his medical record) that confirmed Plaintiff's long history of "suicidal ideation" when feeling hopeless or pressured (any crisis of some sort). *See Burgess v. Superior Court, the California Supreme Court held that recovery is allowed "in cases where a duty arising from a preexisting relationship is negligently breached.*

**5.**  The timeline of Plaintiff's reporting KFHP breach of their duties as his health care provider to Judge Holcomb in May 2022 and the negative events to follow in June 2022, confirm KFHP (intentionally) violated the Americans with Disabilities Act of 1990 (ADA) 42 U.S.C. § 12203(a)-(b). Prohibition against retaliation and coercion. As every negative act by KFHP alleged herewith occurred just days later.

**6.**  As a result of KFHP and their counsel actions, Plaintiff has suffered and continues to suffer severe emotional distress i.e., withdrawing from society, depressed, anxious, feelings of guilty, lack of self-worth, ruminating thoughts that he would be better off dead.

**7.**  WHEREFORE, Plaintiff prays for relief as set forth below.

## II. <u>Fraud In the Inducement of ADR To Reprieve (Aid and Abet) KFHP Of Their Crimes Through Acts Of Material Misrepresentation; Concealment; Denied Rights And Neutral Bias</u>

(Against Defendants Kaiser Foundation Hospital, The OIA and DOES 1-10 inclusive)

Where Plaintiff alleges that the OIA (Attorney Bell) and Neutral Wissley are guilty of aiding and abetting KFHP (the Kaiser Parties) to deny Plaintiff's rights to "Due Process" and "avoid prosecution" of KFHP crimes. He does so in reliance on the fact that a conspirator's concurrence in the scheme 'may be inferred from the nature of

**PLAINTIFF's COMPLAINT FOR DAMAGES**

the acts done, the relation of the parties, the interests of the alleged conspirators, *See Navarrete v. Meyer (2015) 237 Cal.App.4th 1276, 1292.*

**Facts to support this claim:**

   **1.** On or about **Wednesday, November 9, 2022**: KFHP, through their counsel (Attorney Blakely), sought to demur the ADR claims on the "false" premise that the claims were simultaneously filed in federal court.[2]  However, the OIA and Neutral turned a blind eye to this material breach of the ADR agreement and vexatious litigation. As, while Plaintiff referenced the court charges. There were no claims "simultaneously" filed in federal court. Moreover, the provision of the agreement expressly states that ADR shall NOT be denied, impeded because one has pending litigation in court (emphasis added). See KFHP Membership Agreement, p. 66 attached herewith as **EXHIBIT "A."**

   **2.** **On January 18, 2023**: while KFHP would withdraw their intent to seek a demurrer, the OIA and Neutral Wissley refused to force KFHP to provide a response to the claims in violation of the ADR agreement mandating all matters be arbitrated via the OIA (not the court) and in lieu of the fact that KFHP and refused to allow Judge Holcomb to hear the matters citing KFHP Membership agreement to arbitrate.

   **3.** The OIA and Neutral continued to allow KFHP to violate the agreement. As the KFHP arbitration provision mandates the parties peruse ADR in a fair, expeditious way and with "reasonable" diligence or waive their right to do so (emphasis added). (See Excerpt of the KFHP Membership and Arbitration Agreement Attached as EXHIBIT "A").  However, did nothing when KFHP refused to provide a response to the claims but asserted their intent to present a "defense" of the claims during arbitration set for November 2023 i.e., TEN months later.

---

[2] At all times relevant. Attorney Scott A. Blakeley, (State Bar No. 251350) was the assigned attorney for KFHP and was aware that ADR is bound by the terms of California law. As on November 7, 2022: Attorney Blakely attempted to "dismiss" my claims filed via the OIA, citing Code of Civil Procedure section 430.10, subdivisions (c) and (e).

**PLAINTIFF's COMPLAINT FOR DAMAGES**

**4.** Where Attorney Blakely intentionally provided "misleading" legal advice and statements "contradictory" to the express terms of the agreement to cover up his refusal to provide a response, by alleging ADR via the OIA is NOT bound by state law. Thus, he is not bound to provide a "defense." The Neutral sided with Attorney Blakely statements even though she knew that his statements are not the rule for ADR via KFHP. As not providing a response to the claims alleging "immediate jeopardy" is a clear misrepresentation of the expeditiousness KFHP touts as a benefit of KFHP Arbitration for its members.

**5.** Moreover, as stated in the KFHP provision "Termination for Cause," failure to provide complete or correct information results in the termination of the agreement (see KFHP Agreement pp. 66-67). Here the Neutral continued to allow Attorney Blakely to act in **"BAD FAITH"** on behalf of KFHP. As she was aware, his failure to respond hampered the prompt resolution of claims that could not be reasonably denied (id).

**6.** Where the provision for discovery in the OIA rules "mandates," the parties partake in discovery. Hereto, the OIA and Neutral Wissley turned a blind eye to KFHP violation of the rules. As, Attorney Blakely refused to respond to any of the discovery requested on Friday, 12/16/2022, at 7:34 AM; refused to respond to my follow up communication via email on 1/18/2023 to find out if he indeed intended to comply. Yet, approximately one week later, KFHP served a response via mail that was nothing more than a meritless and frivolous denial of the discovery requested.

**7.** Where OIA Rule 54 states that ADR shall be carried out in accordance with the rules of ADR and laws of California. Hereto, the OIA and Neutral Wissley turned a blind eye to KFHP violation of the rules. As Plaintiff alleging claims of immediate jeopardy and professional negligence under the KFHP state contract with the California Department of Managed Health Care: mandate KFHP file an answer or objection to the complaint or be held in default. See Cal. Code Regs. Tit. 1, § 1370.

**8.**  There is absolutely no defense of Plaintiff's claims that KFHP has a "legal" duty to respond to the claims accusing the entity of subpar and unsafe medical practices pursuant to Cal. Code Regs. Tit. 1, § 1370. As KFHP is also a health care entity contracted with Covered California (the health insurance marketplace in the U.S. state of California established under the federal Patient Protection and Affordable Care Act (ACA)). The California Department of Health Care Services (DHCS) manages geographic regions of the state. As well as contracts with the Centers for Medicare and Medi-Cal. And being an accredited agency of the Joint Commission on Accreditation of Healthcare Organizations (JCAHO). Hereto, the OIA and Neutral Wissley turned a blind eye to KFHP violation of the rules and now the applicable laws.

**9.**  Where Neutral Wissley agreed to serve as arbitrator on Fri 12/9/2022 2:35 PM. Attorney Bell advised the plaintiff (Wednesday, February 8, 2023, 9:44 a.m.), that he had until December 29, 2022, (twenty days) to disqualify Ms. Wissley, and that she was deemed appointed as the neutral arbitrator on December 30, 2022. This claim is made after the fact and confirms the OIA Rules for ADR are incomplete, as no such timeline was included in the rules and is not a rule under the law. See OIA Rule 18 (f) to confirm this claim as true.

**A. <u>Material Misrepresentation of KFHP ADR Agreement and Rules of the OIA</u>**

Where Plaintiff alleges the OIA (Attorney Bell and Neutral Wisely) is aiding and abetting KFHP though acts of material misrepresentation and concealment of key provision to absolve KFHP from guilt and deny Plaintiff's due process rights under the law. He doe so in reliance on the fac that:

**10.** Attorney Bell's hands-off approach when notified of the unethical conduct by a Neutral was NOT in accordance with the duty imposed upon her by the Blue-Ribbon Panel, and her directives for the plaintiff to seek relief from the court in his FIRST "rejection" of a neutral arbitrator, were not in accordance with the rules or goal of the OIA to ensure a timely and low-cost remedy.

**PLAINTIFF's COMPLAINT FOR DAMAGES**

**11.** Where Attorney Bell "directed" Plaintiff to seek approval from the Court to remove the neutral d/t her unethical conduct, this too was NOT in accordance with the rule. per pg. 16 of the OIA Report. There is a 25-day statutory period for disqualifying a neutral arbitrator, but no court mandate exists to do so. If disqualification occurs, OIA sends a new List of Possible Arbitrators (LPA) under Rules 18(f) and 20.

**12.** Likewise, rule 19(b) and (c): specifically, assert that the independent administrator (OIA) may decline to select a neutral arbitrator if the Independent Administrator determines that the neutral arbitrator has not complied with the Ethics Standards.as noted in the Rule Book of the OIA. However, as noted in EXHIBIT "B," on January 19, 2023, 3:24: Attorney Bell alleges that her office has no such power and authority, only ministerial.

**13.** Moreover, as noted in the OIA Report: California law gives the parties in arbitration the opportunity to disqualify neutral arbitrators and cites California Code of Civil Procedure Sec. 1281.91(2), which states that a party shall have the right to disqualify one court-appointed arbitrator without cause in any single arbitration and may petition the court to disqualify a subsequent appointee only upon a showing of cause. Plaintiff was denied this right.

**14.** Where Plaintiff alleges Attorney Bell committed a material breach of the arbitration agreement by abandoning her duties and denying Plaintiff's rights under the OIA. He does so in reliance on the fact that on Wednesday, January 18, 2023, at 2:07 PM, he sent notice to Attorney Bell's office seeking to withdraw my waiver of party arbitrators because I fear the manner in which Neutral Wissley conducts arbitration is prejudicial to pro se litigants and not in accordance with the rules. However, his concerns were disregarded, and request for party arbitration was "unjustly" denied. As per OIA Rule 14(b): If the demand for arbitration seeks total damages of more than $200,000, the dispute may be heard and determined by one neutral arbitrator and two-party arbitrators, one appointed by the claimant(s) and one appointed by the respondent(s).

**15.** Where Plaintiff alleges KFHP and the OIA committed material breaches of the KFHP arbitration agreement by misrepresenting every aspect of its arbitration program, the misrepresentations on which Plaintiff and his family relied to select Kaiser's health out of the others are material breaches of the ADR agreement. He does so for the following reasons:  KFHP **GUARANTEED** the system would be **(i)** faster **(ii)** less expensive **(iii)** better able to protect the interest of its members **(iv)** more flexible **(v)** and fair, reasonable, and **(vi)** just to protect the rights of its members to adequate compensation in the event of malpractice by. See pg. 29 of the Bule Ribbon Advisory Panel Report of 1998. Moreover, KFHP led its members to believe that Kaiser administered its arbitration system as a "fiduciary" to its members (id. at p. 21-28). In reality the opposite is true. Kaiser administered its arbitration system through its defense attorneys, who appear to have manipulated the process to Kaiser's advantage so KFHP would hire them regularly as an arbitrator.

**16.** Where Attorney Bell requested that the plaintiff contact the defendant's attorney (Mr. Blakely) for clarification of KFHP arbitration rules, this directive is in direct contrast to the duty imposed upon her to resolve breaches of the OIA rules and ensure the goals of the system and the rules in place to achieve them are enforced. and specifically, defies the Arbitration Oversight Board (AOB), which rules that the OIA system is administered by a neutral entity, independent of the parties involved**.**

**17.** Where Attorney Bell, alleges the OIA has no such authority to investigate and force Neutral Wissley to comply with the rules of ADR, as their duties are only "ministerial," and that Neutral Wissley has a right to carry out ADR as she interprets the law (emphasis added). Respectfully, Attorney Bell's claims were misleading or required further explanation. As, both provisions noted in the KFHP arbitration agreement and the Rules of the OIA: assert, the OIA's role is to govern the arbitration process for Kaiser Members through preset Rules and California law (emphasis added).  See Rule (2) of the General Rules for Kaiser Permanente Member Arbitrations.

**18.** To further confirm that Attorney Bell's "refusal to act" was NOT in accordance with the rule. As noted on p. 3 of the Annual Report of the Office of the Independent Administrator (OIA Report): Kaiser Arbitration Oversight Board: Grants the authority to the OIA to supervise the progress of each case and should communicate regularly with the neutral arbitrator (and the parties, when appropriate), to assure that each case moves as expeditiously as possible…This fact is relevant. As a result, THREE arbitrators were removed for failing to comply with the mandated Ethics Standards for Neutral Arbitrators in contractual arbitration without having to go to court to do so. (For more information, see the Annual Report for 2021 Title Page 2021 (oia-kaiserarb.com)).

**B. <u>Concealment of Key Provisions</u>**

Where Plaintiff alleges the OIA (Attorney Bell and Neutral Wissley) is aiding and abetting KFHP through acts of concealment, omitting key provisions, and presenting "manufactured rules" to deny Plaintiff and other KFHP members our rights to due process.

**19.** He does so in reliance on the fact that, had he not reviewed the Annual OIA Report on the OIA's website that was separate and apart from the rules he was directed to follow, he would not have found that the ADR rules provided by the OIA omitted key provisions. **Case and point:**

**i.** The rules presented to Plaintiff omitted the fact that after a Neutral makes their disclosures, the parties have at least 15 days to disqualify the neutral arbitrator without permission from the court (emphasis added) (pg. 3)

**ii.** The annual report confirms Parties can, and do, disqualify neutral arbitrators they do not like, and California law gives parties the opportunity to timely disqualify neutral arbitrators. (¶. 9)

**iii.** Where Plaintiff is directed to seek a court order to assign a new neutral, he discovered Kaiser has the authority to disqualify neutral arbitrators absent a ruling from the court (id).

**iv.** Despite the directives by the Neutral Wissley that ADR will be held via zoom. ADR Hearings are NOT mandated to be held by video.

**v.** Plaintiff request to remove Neutral Wissley from his case on the grounds that she was prejudicial to him as a pro se claimant, was justified. As the OIA was aware, supporters of neutral arbitrators have a negative attitude toward them. See also pages 32-33. And the AOB expressed their concern with Pro Per's dissatisfaction with the arbitration process and suggested assigning such cases to a neutral who has experience and can identify a skill set or frame of mind needed to enable a better experience. (pg. 6 ¶ F).

**vi.** Where Attorney Bell alleges the OIA has no authority to remove neutrals post assignment to a case. This claim was also false. The OIA has the authority to remove any Neutral for failing to comply with the mandated Ethics Standards for Neutral Arbitrators in Contractual Arbitration (pg. 7).

**vii.** Where the OIA touts that the KFHP ADR system provides well-qualified and experienced arbitrators who must meet minimum qualifications to serve as neutrals and are selected through a process consciously designed to avoid bias... They omit the fact that neutral arbitrators who do not meet the OIA qualifications may (still) serve as jointly selected neutral arbitrators so long as they agree to follow the Rules, and that person does not have to be named on the LPA, be on the OIA panel, or meet the OIA qualifications (pg. 13 A). Just as the OIA Rule Book makes no mention of the OIA Strike and Rank Selections that rendered the Joint Selection ineffective in obtaining one's first choice of neutral.

**viii.** Where the OIA claims to have over 300 qualified neutrals. This too is misleading. As these numbers of arbitrators who hear and decide claims indicate, they can expect to earn a significant income from **repeat** business if they arbitrate several Kaiser claims per year. If Kaiser accepts a decision by a particular arbitrator as **fair**, then Kaiser will look favorably upon that arbitrator, and will agree to have that arbitrator hear additional arbitrations. If, however, Kaiser does not **like** an arbitrator's decision in a particular case, it has the power to prevent that arbitrator from being appointed again to hear additional arbitrations involving Kaiser. In other words, in order to get **repeat business,** an arbitrator must look over his or her shoulder to be sure that his or her decision does not **offend** Kaiser. This would be a substantial "disadvantage" to Plaintiff and may very well be the cause for Neutral Wissley's biased actions during the initial meeting. As state court judges, who are paid by the state of California, they do not have to consider what Kaiser will think about a decision that is rendered in a state court.

**ix.** Plaintiff received misleading legal advice from Attorney Bell. As the OIA report confirms, he is ONLY mandated to seek reprieve from the court in cases with

**PLAINTIFF's COMPLAINT FOR DAMAGES**

"multiple" disqualifications (pg. 17 "E"). Attorney Bell knew her directive was false when she made it. as in her report. She confirmed that Kaiser did not petition the Superior Court to select a neutral arbitrator until after the pro se claimant disqualified ten neutral arbitrators, and Kaiser disqualified three (id).

   **x.** Plaintiff's notice to the OIA that Neutral Wissley did not hold the Arbitration Management Conference (AMC) in accordance with the rules, forcing him to consent to the dates of the hearing (emphasis added). should have been grounds to suspend her for failing to comply (pg. 20).

   **xi.** Where Plaintiff is denied his right to designate the case as complex due to the anticipation of motions due to KFHP's refusal to provide a response or the evidence they rely on to assert a defense. This denial was unjustly denied. As such, the designation "complex" can occur at the beginning of a case if a party has a sense of what evidence they need. (pg. 27 ¶ 2).

   **xii.** Although the arbitration provision specifies that the two-party arbitrators "shall" select a neutral arbitrator, in reality the selection is made by the OIA by assigning the person with the best score, who is then asked to serve. Unbeknownst to Plaintiff, OIA calls this the "strike and rank" process. Thus, the only power truly granted to Plaintiff in the arbitrator selection process. Is who the neutral arbitrator will NOT be. (See Pg. 44 ¶ H: OIA Annual report 2021). Moreover, where the same paragraph confirms Plaintiff has the right to "dismiss" the chosen neutral. This right is denied.

   ### C. <u>Denied Right to Pre-Arbitration Mediation</u>
   **20.** Where Plaintiff alleges, he is denied benefits/rights bargained for as a KFHP member to resolve disputes prior to ADR via the OIA (emphasis added). He does so in reliance of the fact that, it has come to his attention that Kaiser Permanente has a Pre-arbitration "mediation program" called the Healthcare Ombudsman/Mediator Program. This information was not made known or offered by the OIA. See section titled Enhancement of Settlement Opportunities at K:\BRP\BRP Status Report 2021.wpd (oia-kaiserarb.com).

   ### D. <u>Neutral Bias:</u>
   Where Plaintiff alleges that Neutral Wissley and the OIA, Attorney Bell are guilty of aiding and abetting KFHP to avoid their crimes. He does so in reliance on the fact that:

**21.** Where the OIA rules state that an emergency meeting with the neutral may be held to resolve noncompliance with the rules, Plaintiff made a request for such a meeting on 11/14/2022 at 10:12 AM, due to the unethical conduct of counsel. However, this request was ignored by Neutral Wissley.

**22.** Where KFHP mandates binding ADR on all members and the OIA imposes a duty on ALL parties to comply with the rules of the OIA and California law or face sanctions (OIA Rule 24(d)). [1] Neutral Wissley stated that no sanctions would be imposed, and that KFHP was not required to respond to the claims (despite the fact that they were the ones who mandated arbitration).

**23.** Moreover, to keep KFHP from addressing Plaintiff's motion for dispositive sanctions Neutral Wissley alleges "the rules are different; arbitration is not like the court." Yet omit the fact that KFHP's refusal to provide a response to claims of immediate jeopardy violates KFHP policies, the KFHP membership agreement, the rules of the OIA, and, as noted in more detail above, the law. Thus, (intentionally) denying Plaintiff's Rights to Due Process: as she knew or reasonably should have known that KFHP is mandated by law to provide a response to the claims alleged in ADR via OIA, when said claims allege violation of state and federal minimum standards to provide safe patient care, malfeasance, and immediate jeopardy, "a situation in which the provider's noncompliance with one or more requirements of participation has caused or is likely to cause serious injury, harm, impairment, or death to a resident."

**24.** Where Plaintiff claims Neutral Wissley's actions and inactions confirm she violated her duty to be fair, impartial, and follow the rules of the OIA, he bases his claim on (i) serial violations of OIA rules, (ii) the Ethics Standards for Neutral Arbitrators in Contractual Arbitration (see Standard 10.20, "Court's duty to prevent bias"), and (iii) Division VI of the Appendix to the California Rules of Court (Ethics Specifically, Kaiser's "Code of Ethics" requires designated party arbitrators to follow the ethical requirements of the "AAA Code of Ethics (Canons) for Arbitrators in

**PLAINTIFF's COMPLAINT FOR DAMAGES**

Commercial Disputes" (Kaiser Rule 4). And her failure (refusal) to recuse herself from the proceedings violated the Due Process Clause of the Constitution.

**25.** in reliance on OIA Rule 4. Code of Ethics, the AAA Code of Ethics for Arbitrators, the OIA Rules, and OIA Officer (Ms. Bell's) admission that the case law of California as "interpreted" by the neutral arbitrator governs the matter, Plaintiff believes Ms. Wissley has violated her duties as an arbitrator. and must be rescued as Neutral in this case. As No neutral, in good conscience, would allege having conducted arbitration fairly and impartially. when he or she has (i) conflated the law (see CCP § 431.30 (b)) and rules of OIA to allow defendants to evade providing a response to the claims alleged against them.

**26.** Neutral Wissley violated provisions of the ADR that mandated she carry out ADR in a manner that was just, fair, and in accordance with California Law and the Rules of OIA. See also 2022 California Rules of Court Standard 5. General duty: An arbitrator must act in a manner that upholds the integrity and fairness of the arbitration process. He or she must maintain impartiality toward all participants in the arbitration at all times. And must perform his or her duties impartially, without bias or prejudice, and must not, in performing these duties, by words or conduct manifest partiality, bias, or prejudice.

**27.** Per Standard 13. Conduct of proceeding (a): The arbitrator's duty to dispose of matters promptly and diligently must not take precedence over the arbitrator's duty to dispose of matters fairly. Conducting the arbitration in a procedurally fair manner includes conducting a balanced process in which each party is given an opportunity to participate.

**28.** This is in addition to the fact that (**i**) Neutral Wissley was demonstrably rude, condescending, and hostile and conducted the initial ADR proceedings in an egregious manner. (**ii**) She argued that KFHP (a public health care agency under contract with multiple state agencies) does not have to provide a response to the claims alleged. while at the same time refusing to compel KFHP to respond to my request for

PLAINTIFF's COMPLAINT FOR DAMAGES

discovery in lieu of the fact that she (Neutral Wissley) was simultaneously served the discovery request a month prior. Thus, the fact that the discovery sought was not privileged confirms that there are no genuine issues of material facts that Defendants are guilty of the claims alleged.

29. Moreover, whereas OIA Rule 25(d) requires ALL neutrals to be impartial, treat parties fairly and with respect, and clearly explain all procedures and decisions, Neutral Wissley intentionally violated this rule: As of Friday, December 16, 2022, at 7:00 a.m. I requested that Neutral Wissley explain/clarify the rules of ADR via the OIA. However, this request was denied by Ms. Wissley on the grounds that doing so would be unfair to the defendants.

30. On Saturday, 12/17/2022, at 6:14 AM: I requested that she reconsider and rephrase the questions to avoid giving the impression that I am seeking legal advice. However, she is no longer responding to me at all.

31. On December 16, 2022, at 7:00 a.m., I served Neutral Wissley and KFHP a copy of my Request for Dispositive Sanctions as topics to discuss during the upcoming January meeting. However, she refused to discuss the matter. I was concerned that Ms. Wiseley was being biased. I requested that she explain why she would not address the motion. Her response was to "shout" at me to stop talking over her and refused to answer.

32. When asked if ADR should be designated complex or extraordinary, I advised Neutral Wissley that I could not definitively answer her question because Attorney Blakely has yet to provide a defense or respond to any communication. Thus, it was requested that she address the issues or render the case complex. However, she refused, stating ADR is not like a court. and looked to Attorney Blakely to affirm her statement, then began to set dates for the hearings.

33. The COVID-19 "safer at home" is no longer in effect. Thus, as part of the qualifications to be a neutral within the OIA, Neutral Wissley must provide space for any or all of the arbitration proceedings, as well as specify the location and any

applicable charges. (See Item # 4 of the OIA Neutral Arbitrator Application.) Against my wishes and without explanation, Ms. Wissley insisted the ADR be held via Zoom, was unrelenting in her stance, and turned to Attorney Blakely to affirm her decision.

**34.** While this act by Attorney Wissley surely appears biased, I believe it is also for her "personal" advantage to keep her from traveling to conduct ADR in person as her address is listed in Mexico. See Ms. Wissley's listed address below.

> Deborah Z. Wissley #102954
> License Status: Active
> Address: PO Box 1359, Tijeras, NM 87059-1359
> Phone: 818-642-2091 | Fax: Not Available
> Email: Not Available | Website: Not Available

**35.** As noted above, the rules of ADR are unassuming, ADR is governed under the Rules of OIA and CA Law (OIA Rule 54) and mandates what topics are to be discussed at the Arbitration Management Conference. However, during the Telephonic Arbitration Management Conference held on 1/18/23 at 12:00 noon. Attorney Blakely and Neutral Wissley attempted to "convince" me that it was not. At the same time, Attorney Wissley ignored her mandate under OIA Rule 25 to (i) discuss the status of the parties, claims, and defenses (ii) provide a realistic assessment of the case (iii), and most egregiously, Ms. Wissley refused to discuss the procedures to be followed and stated unequivocally that she would not force defendants to submit any written submissions to support his defense or allow them to insist on doing so.

**36.** Where OIA Rule 29 states that an award shall not be made solely based on a party's default. Arbitrator Wesley confirmed her bias as she REFUSED to require the defendant to submit the evidence the arbitrator requires for the making of an award.

**37.** Where Neutral Wissley imposed her authority to order the parties to meet and hold a Mandatory Settlement Meeting (MSM). She refused to impose this same authority when advised that Defendants refused to respond or meet to discuss Plaintiffs requests for discovery and meet and confer before filing Summary Judgement.

**38.** This is in addition to the fact that (during the meeting) I had to request that Ms. Wissley stop her offensive, unprofessional, and condescending comments to me during the telephone conference. Regardless of her intent, I left the meeting feeling "dejected" and knowing that I no longer believed that she was impartial or "neutral" but, a constituent of KFHP, to cover up or prevent the crimes of KFHP from being revealed. As I submitted my response in writing to the question, she stated that it would be addressed during the conference. However, her questionnaire was a mandate just for me. Attorney Blakely did not respond and was not required to. Per, Ms. Wissley, my submission (alone) left little more to discuss (emphasis added).

**39.** Furthermore, at the direction of the OIA officer (specific name unknown) and after the telephonic meeting. I requested Ms. Wissley provide an order or provide further explanation clarifying what the Neutral's rationale is/was when stating that the Defendants do not have to provide me with their defense (response) to the claims alleged against them. As per Rule 25 (b)(i) the arbitrator shall discuss the parties' claims and defenses. However, hereto. Again, Neutral Wissley refused to respond.

### III. <u>Judicial Review of The Arbitrator's Decision to Deny Plaintiff's Motion for Default Judgment. Code Civ. Proc., § 1286.2, Subd. (A)</u>

(Against Defendants Kaiser Foundation Hospital, the Neutral of the OIA)

**40.** Where Plaintiff alleges Neutral Wissley abused her authority and her decision was based on fraud and collusion with the OIA and KFHP when rendering a decision to dismiss Plaintiff's motion for Default Judgment (attached herewith as Exhibit "C") in violation of Code Civ. Proc., § 1286.2, subd. (a).

He does so in reliance on the fact that **(i)** While KFHP "may" have the legal right to not respond to the claims that initiated ADR, no such right is granted where KFHP was served the Motion of Dispositive Sanctions due (in part) to material breach of the ADR agreement and opted not to respond (see Exhibit "C"); **(ii)** Neutral Wissley's decision to dismiss the motion, absent a hearing and her refusal to hear evidence material to the controversy in lieu of KFHP's refusal to respond is an abuse of authority, violated

**PLAINTIFF's COMPLAINT FOR DAMAGES**

Plaintiff "constitutional rights" to due process and contrary to the OIA's provision for sanctions under Rule 41. Thus, a clear violation of CCP § 1286.2 (a)(5). **(iii)** Where Neutral Wissley states her decision to refuse to hear the motion is because ADR is not like the courts. This too is a frivolous excuse that has no basis in fact or law. As per OIA Rule 51 and OIA Rule 54 ¶ 6: the OIA Rules and California Code of Civil Procedure "govern" arbitration.

**41.** Moreover, while conspiracy is not in itself a tort. Neutral Wissley and officers of the OIA turned a blind eye to KFHP tortious conduct, the law, and rules to aid and abet KFHP from Default Judgment: **(i)** KFHP motion to demurrer was accepted by the Neutrals. However, Plaintiff's motion for dispositive sanctions due to KFHP filing the frivolous demurrer was not **(ii)** the agreement as stated does NOT afford defendants the right to avoid the dispute by refusing to address it. There are no such provisions in the OIA Rules that give the defendant the right to **(iii)** set the mandate of the ADR agreement and then refuse to honor the ADR agreement. **(iv)** There is also NO provision in the ADR agreement that gives KFHP the right to "refuse" to respond to claims that allege claims of immediate jeopardy in violation of state regulations. *See Cal. Code Regs. Tit. 1 1370: Failure of any Party to file an answer or objection to a complaint or cross-complaint pursuant to this subchapter is cause for holding such Party to be in default*. See also the CAA (Code Civ. Proc., 1280 et seq.): the California Arbitration Act. Particularly section 1290.6, section 1290.4, and section 1290.8 of the act, respectively: A response shall be served and filed within 10 days after service of the petition.

**42.** In contrast, **(v)** the KFHP Membership Agreement "absolutely" forbids such actions. As it states: "A claim shall be waived and forever barred "if" claimants fail to pursue the arbitration claim in accordance with the Rules of Procedure with reasonable diligence" (emphasis added). The rules must be reciprocal for all parties. Thus, in theory, a respondent's silence in response to allegations and here now a motion for dispositive sanctions constitutes a meritless defense. See EXHBIT "A": pg. 76 of the

KFHP Membership Agreement, Section Title: General Provisions of ADR (Bronze 60 HMO).  See also the provisions for arbitration in the Membership agreement at p. 66 Exhibit "A." KFHP/OIA acts of "fraud" and failure to pursue ADR with "reasonable" diligence, waives their right to compel ADR.

**43.**Moreover, the Supreme Court has held that a litigant who elects to ignore an applicable arbitration agreement implicitly waives its right to arbitrate and risks the possible dismissal of the case solely for that reason. See Rounds v. Joint Council of Teamsters (1971) 4 Cal.3d 888. Here, like in Rounds. Not only has KFHP refused to take part in arbitration. KFHP has presented no argument to Plaintiff's Notice of Motion for Default.

**44.**Where Plaintiff alleges that Neutral Wissley's actions are malicious. He does so on the grounds that she refused to honor Plaintiff's rights under Section 1281.91(b)(2) to disqualify her as neutral without leave of the court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly, and severally:

1. **Plaintiff Motion for Dispositive Sanctions Granted**:

In reliance on p. 66 of the ADR agreement attached herewith as Exhibit "A" and Tit. 1 1370 of the California Code of Regulations (Failure to Respond to Complaint or Cross-Complaint in Arbitration): Plaintiff seeks an order overturning the Neutral decision to dismiss his motion for Dispositive Sanctions and Default Judgment awarded on the grounds that KFHP's refusal to respond to the claims, refusal to provide discovery and  here now "refusal" to respond to the Motion for Dispositive Sanctions attached here as exhibit "C": is grounds for declaring such a party in default.

**IN THE ALTERNATIVE:**

**2. An Order of Protection to Protect Plaintiff's Mental Health**:

Plaintiff a person with mental health disabilities, request an order of protection, preventing KFHP from employing tactics to unjustly "defame" and prolong ADR. As, these behaviors by KFHP have resulted in Plaintiff suffering psychological trauma, including anxiety, chronic depression, and loss of will to live.

    a.  Thus, seek an order mandating KFHP provide a written response to the claims without objections.

    b.  **Mandate for Discovery**: In reliance to 2022 California Rules of Court Rule 3.823. Rules Of Evidence at Arbitration Hearing: Plaintiff request an order compelling Defendants to respond to the claims and discovery request without objection.

    c.  **Special Master**: To ensure fairness in the Courts absence. Plaintiff request at the expense of the OIA, this Court assign a "Special Master" or a "Special Discovery Master "to oversee the proceedings.

**3. Mediation**:

Plaintiff's request a STAY of ADR and mandatory "mediation" ordered via the Court appointed mediator to find what facts are truly in dispute.

**4. Leave of court and Stay of ADR** to amend the complaint a "second" time to add new claims.

**5. Arbitrator Wissley Recused:**

In reliance on Supreme Court explanation of Reasonable Suspicion (objective) Test for Bias and Bangalore Principles in the case of O'Driscoll (a minor) v Hurley: Plaintiff request the court Recuse Attorney Wissley as Neutral in case, if not the OIA portal entirely. As in consideration of her actions in this case and misinterpretation of

– 26 –

the law to provide a defense for KFHP actions, her impartiality is reasonably questioned in any case where litigants are in pro per.

**6. A New ADR Entity Assigned**:

Considering the "severability" clause generally applied. Plaintiff's request this court assing a new agency to govern ADR. As the Attorney Bell and the OIA are now Defendants in the case and party to my "new" claims to be arbitrated alleging: "Conspiracy" "Whistleblower Retaliation" "Material Concealment" "Misrepresentation" "Willful Blindness" "Dereliction of Duty" And "Breach of Contact."

**7. Venue: ADR held in person** (not via the web) and in Riverside County as the case arose and filed here.

Respectfully submitted.

Tuesday, February 21, 2023                    *James Hightower*

James Hightower (Pro Per)
29142 Hidden Meadow Dr
Menifee, CA 92584
Ph: 951-490-3355

# EXHIBIT "A"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF's COMPLAINT FOR DAMAGES

You may also qualify for IMR if the Service you requested has been denied on the basis that it is experimental or investigational as described under "Experimental or investigational denials."

If the DMHC determines that your case is eligible for IMR, it will ask us to send your case to the DMHC's IMR organization. The DMHC will promptly notify you of its decision after it receives the IMR organization's determination. If the decision is in your favor, we will contact you to arrange for the Service or payment.

**Experimental or investigational denials**

If we deny a Service because it is experimental or investigational, we will send you our written explanation within three days after we received your request. We will explain why we denied the Service and provide additional dispute resolution options. Also, we will provide information about your right to request Independent Medical Review if we had the following information when we made our decision:

- Your treating physician provided us a written statement that you have a life-threatening or seriously debilitating condition and that standard therapies have not been effective in improving your condition, or that standard therapies would not be appropriate, or that there is no more beneficial standard therapy we cover than the therapy being requested. "Life-threatening" means diseases or conditions where the likelihood of death is high unless the course of the disease is interrupted, or diseases or conditions with potentially fatal outcomes where the end point of clinical intervention is survival. "Seriously debilitating" means diseases or conditions that cause major irreversible morbidity

- If your treating physician is a Plan Physician, he or she recommended a treatment, drug, device, procedure, or other therapy and certified that the requested therapy is likely to be more beneficial to you than any available standard therapies and included a statement of the evidence relied upon by the Plan Physician in certifying his or her recommendation

- You (or your Non–Plan Physician who is a licensed, and either a board-certified or board-eligible, physician qualified in the area of practice appropriate to treat your condition) requested a therapy that, based on two documents from the medical and scientific evidence, as defined in California Health and Safety Code Section 1370.4(d), is likely to be more beneficial for you than any available standard therapy. The physician's certification included a statement of the evidence relied upon by the physician in certifying his or her recommendation.

We do not cover the Services of the Non–Plan Provider

Note: You can request IMR for experimental or investigational denials at any time without first filing a grievance with us.

## Office of Civil Rights Complaints

If you believe that you have been discriminated against by a Plan Provider or by us because of your race, color, national origin, disability, age, sex (including sex stereotyping and gender identity), or religion, you may file a complaint with the Office of Civil Rights in the United States Department of Health and Human Services ("OCR").

You may file your complaint with the OCR within 180 days of when you believe the act of discrimination occurred. However, the OCR may accept your request after six months if they determine that circumstances prevented timely submission. For more information on the OCR and how to file a complaint with the OCR, go to **hhs.gov/civil-rights**.

## Additional Review

You may have a right to request review in state court if you remain dissatisfied after you have exhausted our internal claims and appeals procedure, and if applicable, external review.

## Binding Arbitration

For all claims subject to this "Binding Arbitration" section, both Claimants and Respondents give up the right to a jury or court trial and accept the use of binding arbitration. Insofar as this "Binding Arbitration" section applies to claims asserted by Kaiser Permanente Parties, it shall apply retroactively to all unresolved claims that accrued before the effective date of this *Membership Agreement and DF/EOC*. Such retroactive application shall be binding only on the Kaiser Permanente Parties.

**Scope of arbitration**

Any dispute shall be submitted to binding arbitration if all of the following requirements are met:

- The claim arises from or is related to an alleged violation of any duty incident to or arising out of or relating to this *Membership Agreement and DF/EOC* or a Member Party's relationship to Kaiser Foundation Health Plan, Inc. (Health Plan), including any claim for medical or hospital malpractice (a claim

that medical services or items were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered), for premises liability, or relating to the coverage for, or delivery of, services or items, irrespective of the legal theories upon which the claim is asserted

- The claim is asserted by one or more Member Parties against one or more Kaiser Permanente Parties or by one or more Kaiser Permanente Parties against one or more Member Parties
- Governing law does not prevent the use of binding arbitration to resolve the claim

Members enrolled under this *Membership Agreement and DF/EOC* thus give up their right to a court or jury trial, and instead accept the use of binding arbitration except that the following types of claims are not subject to binding arbitration:

- Claims within the jurisdiction of the Small Claims Court
- Claims subject to a Medicare appeal procedure as applicable to Kaiser Permanente Senior Advantage Members
- Claims that cannot be subject to binding arbitration under governing law

As referred to in this "Binding Arbitration" section, "Member Parties" include:

- A Member
- A Member's heir, relative, or personal representative
- Any person claiming that a duty to him or her arises from a Member's relationship to one or more Kaiser Permanente Parties

"Kaiser Permanente Parties" include:

- Kaiser Foundation Health Plan, Inc.
- Kaiser Foundation Hospitals
- KP Cal, LLC
- The Permanente Medical Group, Inc.
- Southern California Permanente Medical Group
- The Permanente Federation, LLC
- The Permanente Company, LLC
- Any Southern California Permanente Medical Group or The Permanente Medical Group physician
- Any individual or organization whose contract with any of the organizations identified above requires arbitration of claims brought by one or more Member Parties
- Any employee or agent of any of the foregoing

Kaiser Permanente for Individuals and Families
Kaiser Permanente – Bronze 60 HMO
Date: September 25, 2016

"Claimant" refers to a Member Party or a Kaiser Permanente Party who asserts a claim as described above. "Respondent" refers to a Member Party or a Kaiser Permanente Party against whom a claim is asserted.

### Rules of Procedure

Arbitrations shall be conducted according to the *Rules for Kaiser Permanente Member Arbitrations Overseen by the Office of the Independent Administrator* ("Rules of Procedure") developed by the Office of the Independent Administrator in consultation with Kaiser Permanente and the Arbitration Oversight Board. Copies of the Rules of Procedure may be obtained from our Member Service Contact Center.

### Initiating arbitration

Claimants shall initiate arbitration by serving a Demand for Arbitration. The Demand for Arbitration shall include the basis of the claim against the Respondents; the amount of damages the Claimants seek in the arbitration; the names, addresses, and telephone numbers of the Claimants and their attorney, if any; and the names of all Respondents. Claimants shall include in the Demand for Arbitration all claims against Respondents that are based on the same incident, transaction, or related circumstances.

### Serving Demand for Arbitration

Health Plan, Kaiser Foundation Hospitals, KP Cal, LLC, The Permanente Medical Group, Inc., Southern California Permanente Medical Group, The Permanente Federation, LLC, and The Permanente Company, LLC, shall be served with a Demand for Arbitration by mailing the Demand for Arbitration addressed to that Respondent in care of:

> *For Northern California Members:*
> Kaiser Foundation Health Plan, Inc.
> Legal Department
> 1950 Franklin St., 17th Floor
> Oakland, CA 94612

> *For Southern California Members:*
> Kaiser Foundation Health Plan, Inc.
> Legal Department
> 393 E. Walnut St.
> Pasadena, CA 91188

Service on that Respondent shall be deemed completed when received. All other Respondents, including individuals, must be served as required by the California Code of Civil Procedure for a civil action.

Page 65

**PLAINTIFF's COMPLAINT FOR DAMAGES**

### Filing fee

The Claimants shall pay a single, nonrefundable filing fee of $150 per arbitration payable to "Arbitration Account" regardless of the number of claims asserted in the Demand for Arbitration or the number of Claimants or Respondents named in the Demand for Arbitration.

Any Claimant who claims extreme hardship may request that the Office of the Independent Administrator waive the filing fee and the neutral arbitrator's fees and expenses. A Claimant who seeks such waivers shall complete the Fee Waiver Form and submit it to the Office of the Independent Administrator and simultaneously serve it upon the Respondents. The Fee Waiver Form sets forth the criteria for waiving fees and is available by calling our Member Service Contact Center.

### Number of arbitrators

The number of arbitrators may affect the Claimants' responsibility for paying the neutral arbitrator's fees and expenses (see the Rules of Procedure).

If the Demand for Arbitration seeks total damages of $200,000 or less, the dispute shall be heard and determined by one neutral arbitrator, unless the parties otherwise agree in writing that the arbitration shall be heard by two party arbitrators and one neutral arbitrator. The neutral arbitrator shall not have authority to award monetary damages that are greater than $200,000.

If the Demand for Arbitration seeks total damages of more than $200,000, the dispute shall be heard and determined by one neutral arbitrator and two party arbitrators, one jointly appointed by all Claimants and one jointly appointed by all Respondents. Parties who are entitled to select a party arbitrator may agree to waive this right. If all parties agree, these arbitrations will be heard by a single neutral arbitrator.

### Payment of arbitrators' fees and expenses

Health Plan will pay the fees and expenses of the neutral arbitrator under certain conditions as set forth in the Rules of Procedure. In all other arbitrations, the fees and expenses of the neutral arbitrator shall be paid one-half by the Claimants and one-half by the Respondents.

If the parties select party arbitrators, Claimants shall be responsible for paying the fees and expenses of their party arbitrator and Respondents shall be responsible for paying the fees and expenses of their party arbitrator.

### Costs

Except for the aforementioned fees and expenses of the neutral arbitrator, and except as otherwise mandated by laws that apply to arbitrations under this "Binding Arbitration" section, each party shall bear the party's own attorneys' fees, witness fees, and other expenses incurred in prosecuting or defending against a claim regardless of the nature of the claim or outcome of the arbitration.

### General provisions

A claim shall be waived and forever barred if (1) on the date the Demand for Arbitration of the claim is served, the claim, if asserted in a civil action, would be barred as to the Respondent served by the applicable statute of limitations, (2) Claimants fail to pursue the arbitration claim in accord with the Rules of Procedure with reasonable diligence, or (3) the arbitration hearing is not commenced within five years after the earlier of (a) the date the Demand for Arbitration was served in accord with the procedures prescribed herein, or (b) the date of filing of a civil action based upon the same incident, transaction, or related circumstances involved in the claim. A claim may be dismissed on other grounds by the neutral arbitrator based on a showing of a good cause. If a party fails to attend the arbitration hearing after being given due notice thereof, the neutral arbitrator may proceed to determine the controversy in the party's absence.

The California Medical Injury Compensation Reform Act of 1975 (including any amendments thereto), including sections establishing the right to introduce evidence of any insurance or disability benefit payment to the patient, the limitation on recovery for non-economic losses, and the right to have an award for future damages conformed to periodic payments, shall apply to any claims for professional negligence or any other claims as permitted or required by law.

Arbitrations shall be governed by this "Binding Arbitration" section, Section 2 of the Federal Arbitration Act, and the California Code of Civil Procedure provisions relating to arbitration that are in effect at the time the statute is applied, together with the Rules of Procedure, to the extent not inconsistent with this "Binding Arbitration" section. In accord with the rule that applies under Sections 3 and 4 of the Federal Arbitration Act, the right to arbitration under this "Binding Arbitration" section shall not be denied, stayed, or otherwise impeded because a dispute between a Member Party and a Kaiser Permanente Party involves both arbitrable and nonarbitrable claims or because one or more parties to the arbitration is also a party to a pending court action with a third party that arises out of the same or related transactions and presents a possibility of conflicting rulings or findings.

## Termination of Membership

Your membership termination date is the first day you are not covered (for example, if your termination date is January 1, 2018, your last minute of coverage was at 11:59 p.m. on December 31, 2017). You will be billed as a non-Member for any Services you receive after your membership terminates, except for certain pediatric dental Services described in a Pediatric Dental Services Amendment to this *Membership Agreement and DF/EOC* (if applicable). When your membership terminates, Health Plan and Plan Providers have no further liability or responsibility under this *Membership Agreement and DF/EOC,* except as provided under "Payments after Termination" in this "Termination of Membership" section.

## How You May Terminate Your Membership

**If you are enrolled through Covered California**. Please contact Covered California for information about how to terminate your membership and the effective date of termination.

**If you are enrolled directly with Kaiser Permanente**. You may terminate your membership by sending written notice, signed by the Subscriber, to the address below. Your membership will terminate at 11:59 p.m. on the last day of the month in which we receive your notice. Also, you must include with your notice all amounts payable related to this *Membership Agreement and DF/EOC,* including Premiums, for the period prior to your termination date.

> Kaiser Foundation Health Plan, Inc.
> California Service Center
> P.O. Box 23127
> San Diego, CA 92193-3127

## Termination Due to Loss of Eligibility

If you meet the eligibility requirements described under "Who Is Eligible" in the "Premiums, Eligibility, and Enrollment" section on the first day of a month, but later in that month you no longer meet those eligibility requirements, your membership will end at 11:59 p.m. on the last day of that month. For example, if you become ineligible on December 5, 2017, your termination date is January 1, 2018, and your last minute of coverage is at 11:59 p.m. on December 31, 2017.

**Continuation of membership**

If you lose eligibility as a Dependent and want to remain a Health Plan member, you might be able to enroll in one of our Kaiser Permanente for Individuals and Families plans as a subscriber. If you want your new individual plan coverage to be effective when your Dependent coverage ends, you must submit your application within the special enrollment period for enrolling in an individual plan due to loss of other coverage. Otherwise, you will have to wait until the next annual open enrollment period.

To request an application to enroll directly with us, please go to kp.org or call our Member Service Contact Center. For information about plans that are available through Covered California, see "Covered California" below.

**Covered California**

U.S. citizens or legal residents of the U.S. can buy health care coverage from Covered California. This is California's health insurance marketplace (the Exchange). You may apply for help to pay for premiums and copayments but only if you buy coverage through Covered California. This financial assistance may be available if you meet certain income guidelines. To learn more about coverage that is available through Covered California, visit **CoveredCA.com** or call Covered California at **1-800-300-1506** (TTY users call **711**).

## Termination for Cause

If you intentionally commit fraud in connection with membership, Health Plan, or a Plan Provider, we may terminate your membership by sending written notice to the Subscriber; termination will be effective 30 days from the date we send the notice. Some examples of fraud include:

- Misrepresenting eligibility information about you or a Dependent

- Presenting an invalid prescription or physician order

- Misusing a Kaiser Permanente ID card (or letting someone else use it)

- Giving us incorrect or incomplete material information. For example, you have entered into a Surrogacy Arrangement and you fail to send us the information we require under "Surrogacy arrangements" under "Reductions" in the "Exclusions, Limitations, Coordination of Benefits, and Reductions" section

- Failing to notify us of changes in family status or Medicare coverage that may affect your eligibility or benefits

**PLAINTIFF's COMPLAINT FOR DAMAGES**

1

2

3

# **EXHIBIT "B"**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF's COMPLAINT FOR DAMAGES**

RE: Plaintiff Notice of Intent to enforce ADR via the Court and not the OIA

OIA <oia@oia-kaiserarb.com>

Fri 1/20/2023 3:49 PM

To: james hightower <q4cpt@hotmail.com>

Cc: sblakeley@ljdfa.com <sblakeley@ljdfa.com>;d. wissley <wissley@hotmail.com>;Lynda Tutt <ltutt@oia-kaiserarb.com>

Dear Mr. Hightower:
It is our understanding that your contract with Kaiser requires OIA administration. I would encourage you to reach out to Mr. Blakeley for a copy of the contract.  As I mentioned before, should you decide to go to court, we would expect Ms. Wissley to stay the arbitration process pending the court's decision.  Thank you.
Marcella

---

**From:** james hightower <q4cpt@hotmail.com>
**Sent:** Friday, January 20, 2023 4:29 AM
**To:** OIA <oia@oia-kaiserarb.com>
**Cc:** sblakeley@ljdfa.com; d. wissley <wissley@hotmail.com>; Lynda Tutt <ltutt@oia-kaiserarb.com>
**Subject:** Re: Plaintiff Notice of Intent to enforce ADR via the Court and not the OIA

Hello, thank you for your response. Your revelations are eye opening and I will do as advised and file the matters via the court. But now exist a conflict of interest with your managerial duties and I believe stops you from "managing" my case and the neutral from arbitrating the matters. As you will both be named as Defendants in the case.

Regards

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Marcella Bell <mbell@oia-kaiserarb.com> on behalf of OIA <oia@oia-kaiserarb.com>
**Sent:** Thursday, January 19, 2023 3:33:11 PM
**To:** james hightower <q4cpt@hotmail.com>
**Cc:** sblakeley@ljdfa.com <sblakeley@ljdfa.com>; d. wissley <wissley@hotmail.com>; Lynda Tutt <ltutt@oia-kaiserarb.com>
**Subject:** RE: Plaintiff Notice of Intent to enforce ADR via the Court and not the OIA

Dear Mr. Hightower:
As you know, the OIA manages the arbitration process between Kaiser and its members.  We do not have the authority to rule substantively on the issues you raise in your email, nor do we have the authority to investigate claims of misconduct, review a neutral arbitrator's decision, or remove the arbitrator from this case.  Our role is ministerial in nature.  The OIA Rules, statutes, and the case law of California as interpreted by the neutral arbitrator govern the matter.

You may however ask the neutral to recuse herself.  If she decides not to recuse herself, you may go to court to seek her removal.  Should you decide to go to court, we would expect Ms. Wissley to stay the arbitration process pending the court's decision.

If you have any other questions, please let me know.  Thank you.

Marcella A. Bell
Office of the Independent Administrator
635 S. Hobart Blvd., #A35

---

– 34 –

PLAINTIFF's COMPLAINT FOR DAMAGES

Los Angeles, CA 90005
213-637-9847 main
213-637-8658 fax
oia@oia-kaiserarb.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient, or the employee or agent responsible for delivery of this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error please immediately notify the sender and delete this e-mail message from your computer.

**From:** james hightower <g4cpt@hotmail.com>
**Sent:** Thursday, January 19, 2023 3:25 AM
**To:** Lynda Tutt <ltutt@oia-kaiserarb.com>
**Cc:** sblakeley@ljdfa.com; d. wissley <wissley@hotmail.com>; OIA <oia@oia-kaiserarb.com>
**Subject:** Plaintiff Notice of Intent to enforce ADR via the Court and not the OIA

As required of advance warning for pending legal motion against you. Please accept this notice of my intent to seek remedy via the Riverside State Court. As, I no longer believe I can receive a fair opportunity to have my claims heard via the OIA. As every notice of misconduct by the Neutral is dismissed with no investigation of the matters to investigate my claims notifying Ms. Wissley conduct detrimental to fair and equal treatment, refusal to follow the rules expressly set in the provision of OIA and conspiring with Defendants legal counsel (in this instance) to manufacture a defense to excuse her actions and reprieve Defendants from their duties as respondent when accused.

Because OIA is now a party to this claim. And since there is no rule of what one should do when claims are alleged against the entity who administers arbitrations brought pursuant to Kaiser Foundation Health Plan, Inc.'s…I believe it to be in the best interest of justice, that another entity (selected by the Court) must be assigned to arbitrate the matters.

### Grounds that Give Rise to this Claim
1. **OIA Brech of Fidicuacy Duty to Enforce KFHP Membersip Agreement**
2. **Willfull/Intentiaonl (Turning a Blind Eye) to Material Breches of the ADR Agreement**

My **first** complaint to the OIA was on or about 11/19/2022: When Defendants cited specific laws and NOT the rules of the OIA to support their right to seek a demur as an initial matter to dismiss the claims against them. I adamantly opposed this motion. As, I believed it was a violation of the rules of OIA and contradictory to the KFHP membership agreement. Thus, contacted an OIA officer (specific name unknown) who stated that she could not get involved, however provided insight of the OIA rules forbidding this action. The Neutral (Judge Rosenberg) recused himself from this case a few days later citing the inability to be impartial (emphasis added). Thus, in light of the recent events. Raises the question, can any neutral in the OIA portal be "impartial" to pro se claimants.

My **second** complaint to an officer of the OIA (specific name unknown) was made on or about 12/17/2022: Due to Ms. Wissley refusal to clarify (if any) the rules of the OIA that would prevent my

claims from being heard. However, she refused to answer and cites her refusal to do so in the fairness of defendants. While reasonably there is nothing unfair about clarification of the rules and certainly not a violation of the OIA. I did not pursue this issue any further as I assumed it will be redressed during the telephone conference set for 1/18/2023. However, it was not. Yet hereto the Neurtal had no remedy to the Neutrals behavor.

And now my **third** complaint. On 1/18/2023: After the initial telephone conference with Neutral Wissley. I made a verbal complaint advising that Neutral Wissley is exhibiting acts of extreme prejudice and bias to deny me any provisional benefits granted via OIA arbitration. In that where the particular provisions state OIA Arbitration is a proceeding where evidence is presented like a case in court. Ms. Wissley selectively employs this rule and allows Defendant to avoid providing evidence they rely on to support the claims against them. See OIA provisions: Are arbitration and mediation different. Thus, not only is Ms. Wissley actions clearly a violation of the rule, the law and KP own policy to hold arbitration under California law. Ms. Wissley confirmed her intent to "collude" as she alleged ADR was NOT like the court and "sought affirmation" from Attorney Blakely to "cover-up" her misleading statements. Mr. Blakely appeased here and proceed to advise his provdidng a defense to the claims is NOT premitted in ADR proceeding via the OIA.
Where I advised Ms. Wissley that Mr. Blakely cited the Calif law to seek a demur with the previous Neutral and inquired as to why ADR via the CA law was allowed then. Her reply was to be dismissive of this fact.

This is in addition to the fact that I had to request Ms. Wissley stop her offensive, unprofessional and condescending comments to me during the telephone conference. Regardless of her intent, I left the meeting knowing that I no longer believe that she is impartial or "neutral" but, a constituent of KFHP to cover up and or prevent the crimes of KFHP from being revealed. As I submitted my response in writing to the question, she stated would be addressed during the conference. However, her questionnaire appears to mandate just for me. As, defendant did not respond and was not required to. Per, Ms. Wissley my submission (alone) left little more to discuss (emphasis added).

At the direction of the OIA officer. I requested Ms. Wissley provide an order or provide further explanation clarifying what the Neutral's rationale is/was when stating that the Defendants do not have to provide me with their defense (response) to the claims alleged against them. As per Rule 25 (b)(i) the arbitrator shall discuss the parties' claims and defenses. However, hereto. Again Ms. Wissley refused.

Furthermore, while Rules of the OIA list what questions MUST be imposed. Hereto Ms. Wissley refused to provide a realistic assessment of the case as doing so would give me insight of what matters are truly is in dispute. Just as she deceitfully alleged her mandate to discuss the status of the Parties, claims, and defenses; did not require Defendants to reveal the defense they rely on (emphasis added).

PLAINTIFF's COMPLAINT FOR DAMAGES

Lastly, Ms. Wissley selected the method of ADR that was most convenient for her (via zoom) and was dismissive of my request to have in person ADR citing medical reasons. Had it not been for Mr. Blakely agreeing to hear the matters in Riverside. I would not have had any say so in the matter.

While I am not an attorney. I see where this is going and will not be railroaded to forgo my rights under the KFHP arbitration agreement and governing laws. Thus, request the OIA investigate and resolve the matters above. Or, respectfully, One week from today. I will file a petition in court against you.

**Remedies Requested to keep the Matters out of the court**
1. Ms. Wissley removed from this case and possibly the OIA portal.
2. ADR consistently held in accordance with the CA State LAW in all matters and not selectively applied.
3. KFHP mandated to either provide a defense to the claims or, state their position relied on to support their defense.
4. Any request of clarification of the rules must be provided by the Neutral
5. Parties' complaints of Rule Violations and ethical concerns promptly investigated.

James Hightower BSN, RN, RT, CCT

USMC Veteran



**PLAINTIFF's COMPLAINT FOR DAMAGES**

RE: Hightower, James (2nd) - Arb. #17662

OIA <oia@oia-kaiserarb.com>
Wed 11/9/2022 12:23 PM
To: q4cpt@hotmail.com <q4cpt@hotmail.com>

Good afternoon:
It might be easier to talk about this issue.  Please let me know when is a good time to call you.

Thank you,

Aura A. Armas
**Office of the Independent Administrator**
**Law Offices of Marcella A. Bell**
aarmas@lawofficemab.com
WWW.OIA-KAISERARB.COM

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient, or the employee or agent responsible for delivery of this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** james hightower <q4cpt@hotmail.com>
**Sent:** Wednesday, November 9, 2022 12:13 PM
**To:** Vivian Arroyo <VivianA@oia-kaiserarb.com>
**Subject:** Re: Hightower, James (2nd) - Arb. #17662

Hello
I am having a problem with the manner ADR is being held and belive it prejudicial to me. Defendant are seeking to Demmur my claims without doing it properly.

I do not know what claims the seek to strike or why. Yet they are requesting a hearing to dismiss my claims

Please advise

---

Re: Hightower, James v. Kaiser (22-6209-GSR)

james hightower <q4cpt@hotmail.com>
Wed 11/9/2022 12:43 PM
To: Scott Blakeley <sblakeley@ljdfa.com>;Chelsea Mangel Case Management Team <chelseateam@adrservices.com>;Haydee Chun <hchun@ljdfa.com>;David Ozeran <DOzeran@ljdfa.com>
Cc: Patti Walsh <pwalsh@ljdfa.com>

 Cousel has served me over 300 hundred documents thus far. Any other documents served before filing the motion  with the judge is done so in bad faith.

---

james hightower
To: Chelsea Mangel Case Management Team;  Scott Blakeley;  Haydee Chun;  David Ozeran
Cc: Patti Walsh

I am not in a position to speak about a demmur until I know what claims they are seeking to dismiss and why. This is unfair to me.

James Hightower BSN, RN, RT, CCT

---

**PLAINTIFF's COMPLAINT FOR DAMAGES**

**From:** Chelsea Mangel Case Management Team <chelseateam@adrservices.com>
**Sent:** Wednesday, November 9, 2022 12:34 PM
**To:** Scott Blakeley <sblakeley@ljdfa.com>; Haydee Chun <hchun@ljdfa.com>; james hightower <q4cpt@hotmail.com>; David Ozeran <DOzeran@ljdfa.com>
**Cc:** Patti Walsh <pwalsh@ljdfa.com>
**Subject:** RE: Hightower, James v. Kaiser (22-6209-GSR)

Counsel and Mr. Hightower,

Judge Rosenberg would like to speak with all parties during the initial arbitration management conference. He will discuss the Demurrer at that time.

Sincerely,
Chelsea

---

**From:** james hightower <q4cpt@hotmail.com>
**Sent:** Tuesday, November 8, 2022 4:52 PM
**To:** Scott Blakeley <sblakeley@ljdfa.com>; Chelsea Mangel Case Management Team <chelseateam@adrservices.com>; Aihui Su <asu@ljdfa.com>; David Ozeran <DOzeran@ljdfa.com>
**Cc:** Haydee Chun <hchun@ljdfa.com>; Carmen Morales <CMorales@ljdfa.com>; Sonia Sandoval <ssandoval@ljdfa.com>; Patti Walsh <pwalsh@ljdfa.com>
**Subject:** Re: Hightower, James v. Kaiser (22-6209-GSR)

Hello,

Cousel for Defendants must not be aware of the amended pleadings for ADR via OIA and filed with this office.

As there are NO claims that are simultaneously being heard in federal court before Judge Holcomb. Nor is Kaiser Foundation Hosptial or Kaiser Permanente named as Defendant in the federal suit. This is not my decision, but the decision of the counsel for SCPMG and KFH to contest my attempt to identify KFHP ownership/control over the entity's dba (collectively) Kaiser. The Court ruled on the matters and sided with Defendants.

Thus, the claims filed via OIA to be arbitrated are ONLY those related to KFHP and the ADR agreement related to Kaiser Members.

I have attached the (FRIST AMENDMENT) request for ADR for their review.

---

**From:** Scott Blakeley <sblakeley@ljdfa.com>
**Sent:** Tuesday, November 8, 2022 10:44 AM
**To:** Chelsea Mangel Case Management Team <chelseateam@adrservices.com>; james hightower <q4cpt@hotmail.com>; Aihui Su <asu@ljdfa.com>; David Ozeran <DOzeran@ljdfa.com>
**Cc:** Haydee Chun <hchun@ljdfa.com>; Carmen Morales <CMorales@ljdfa.com>; Sonia Sandoval <ssandoval@ljdfa.com>; Patti Walsh <pwalsh@ljdfa.com>
**Subject:** RE: Hightower, James v. Kaiser (22-6209-GSR)

Chelsea

I propose that since all parties are available on 12/20 that we set the hearing of the Respondents' dispositive Demurrer for that date as the ruling on this motion directly impacts the ability to complete the Arbitration Management Conference.

All the best,

Scott Blakeley

**PLAINTIFF's COMPLAINT FOR DAMAGES**

1

RE: Hightower, James (2nd) - Arb. #17662

2

OIA <oia@oia-kaiserarb.com>
Mon 10/17/2022 1:45 PM

3

To: james hightower <q4cpt@hotmail.com>

There is not yet a neutral arbitrator in your case. The deadline to respond to the List of Possible Arbitrators is October 24, 2022. The neutral arbitrator will be selected shortly after that deadline.

4

5

Once a neutral arbitrator has been appointed, Kaiser will be able to request a date for him or her to hear the demurrer. You will need to respond to it. Once the neutral arbitrator is appointed, you can ask him or her what your deadline is to respond to it.

6

If you have any other questions, please let us know.

Stephanie

7

Stephanie O'Neal
Office of the Independent Administrator
Law Offices of Marcella A. Bell

8

9

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient, or the employee or agent responsible for delivery of this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error please immediately notify the sender and delete this e-mail message from your computer.

10

11

**From:** james hightower <q4cpt@hotmail.com>
**Sent:** Monday, October 17, 2022 1:36 PM
**To:** OIA <oia@oia-kaiserarb.com>

12

**Subject:** Re: Hightower, James (2nd) - Arb. #17662

13

Hello I received a notice of Demmur from Kaiser via express mail on Saturday. Has ADR resumed and is this something I need to respond to? If so, who is the arbitrator?

14

15

16

Hightower, James (2nd) - Arb. #17662

OIA <oia@oia-kaiserarb.com>

17

Tue 11/15/2022 10:13 AM

18

To: q4cpt@hotmail.com <q4cpt@hotmail.com>;pwalsh@ljdfa.com <pwalsh@ljdfa.com>;sblakeley@ljdfa.com <sblakeley@ljdfa.com>;dozeran@ljdfa.com <dozeran@ljdfa.com>;asu@ljdfa.com <asu@ljdfa.com>

19

Cc: chelsea@adrservices.org <chelsea@adrservices.org>;chelseateam@adrservices.com <chelseateam@adrservices.com>

VIA Email

20

This office received notice that the neutral arbitrator has recused him/herself from the above-referenced matter. Pursuant to OIA Rule 18g., this office will send the parties a new List of Possible Arbitrators within three days, and a new neutral arbitrator will be selected.

21

If you have any questions, please let me know.

22

Marcella A. Bell
Office of the Independent Administrator
635 S. Hobart Blvd., #A35

23

Los Angeles, CA 90005
213-637-9847 main
213-637-8658 fax

24

mbell@oia-kaiserarb.com
oia@oia-kaiserarb.com

25

26

27

28

**PLAINTIFF's COMPLAINT FOR DAMAGES**

# EXHIBIT "C"

**PLAINTIFF's COMPLAINT FOR DAMAGES**

1    James Hightower (pro per Plaintiff)
     29142 Hidden Meadow Drive
2    Menifee, CA 92584
     Ph.: 951-490-3355
3

4    James Hightower                          )    **Case No.** ADRS Case No. 22-6209-GSR
                                              )    **OIA Case No**. 17662
                                              )
5                    Plaintiff,               )
                                              )    **Plaintiff Notice of Defendants Failure to**
6            vs.                              )    **pursue the ADR in accord with the Rules of**
                                              )    **Procedure with reasonable diligence**
7    Kaiser Foundation Hospital, Defendant    )    **Material Breach of the ADR Agreement,**
                                              )    **Intentional Deceit, Fabrication of Evidence**
8                                             )    **and Request for Dispositive Sanctions**

9    _____

                              **INTRODUCTION**

10          As an initial matter. It has ALWAYS been known to both parties that NO claims regarding

11   KFHP dba as Kaiser Permanente were heard in Federal Court (Judge Holcomb). Because he relied on

12   Defendants (fraudulent) potion and ruled that the court lacked jurisdiction over matters involving

13   KFHP dba as Kaiser Permanente. Because Defendants maintained that KFHP/KFH dba Kaiser

14   Permanente is not a party to the suit (emphasis added). Defendants (the counsel of KFH/SCPMG)

15   maintained their position in spite of the fact that **(i)** Plaintiff cited similar court cases that confirm

16   their arguments are "contradictory" to past pleadings in court i.e., KFHP/KFH/SCPMG has always

17   been collectively known as Kaiser Permanente and accepted their duties to its members as a

18   "collective" because one cannot function without the other.[1] However, hereto. Defendants rebuffed

     these facts. Thus, **(ii)** Plaintiff advised Defendants to view the testimony of Mr. Jeffrey Weisz, the

19   executive medical director of SCPMG. As he affirmed the fact that SCPMG and Kaiser Foundation

20   Hospitals (KFH) are entities through which Kaiser Permanente-KFHP (KFHP) has "total" control

21   and own hospitals in Southern California under the trade name of "Kaiser Permanente." Specifically,

22   per Mr. Weisz, neither KFH or SCPMG have a separate existence or identity apart from Kaiser

23   Permanente-KFHP.[2] However, Defendants refused to acknowledge the evidence.

24          Plaintiff would go on to cite **(iii)** the express terms of the Kaiser Permanente Membership

25   Agreement. As well as **(iv)** the express terms of the Collective Bargaining Agreement (CBA) and **(v)**

26   the noted facts in the EEOC Investigative Report that confirm their claims are unsupported by the

27   facts and or, evidence: Yet in all instances. Defendants maintained their position that KFH and

28   _____

     [1] Shelby Stewart, et al. v. Kaiser Foundation Health Plan Inc. et al; United States of America ex rel. Ronda Osinek,
     Plaintiff, v. Kaiser Permanente, et al., Defendants; Kaiser Foundation Hospitals v. Sebelius etc.

                                    – 1 –

SCPMG are separate/distinct from KFHP dba as Kaiser Permanente. And would even have to audacity to allege that "Kaiser Permanente" is simply a "physical entity not a business.

## LEGAL ARGUMENT: TERMINATING SANCTIONS

### I.    Defendants Have Forfeited Any Rights to Respond to Plaintiffs Claims

Per the section titled "General Provision" noted in Kaiser "Binding Arbitration" agreement. A claim shall be waived and forever barred if applicants fail to pursue the arbitration claim in accord with the Rules of Procedure with reasonable diligence (emphasis added).  Thus, Plaintiff believes, is informed, and therefore allege that KFHP has forfeited any right offer any defense to the claims. In that where Counsel Ozeran sought to demurrer Plaintiff's request for arbitration (sometimes ADR) filed with the Office of Independent Administration (OIA) in June 2022: on the grounds that Plaintiff simultaneously filed claims in federal court, against the same parties. He did so in bad faith and in "material breach" of the Membership Agreement.

**1.** As he insisted the demurrer be had AFTER Plaintiff "amended" his complaint to resolve any claims that were (remotely) similar to those filed in federal court

**2.** Counsel was aware that KFHP (steadfastly) OPPOSED being named as a respondent and was **NOT** named as respondent in the federal case. As they (KFHP) successfully hid behind the Corporate Veil (if you will) by intentionally misstating Kaiser business dealings as an Integrated Health-Care Consortium. Specifically, counsel for Kaiser Permanente lied to the federal court judge by denying KFHP unity of interest and ownership over Kaiser Permanente and their For-Profit Subsidiaries of SCPMG and KFH to avoid guilt and to avoid being a party to the cause of actions filed in federal court. [3]

**3.** Just as Counsel knew that there are NO claims "simultaneously" filed in federal court that are mandated to be arbitrated per rule. Yet they made this claim to the Neutral without regard for the truth. See the Cause of Actions filed in federal court noted below:

1.    Whistleblower Retaliation in Violation of Public Policy (Labor Code section 6310)
2.    Wrongful Termination in Violation of Public Policy California Labor Code §1102.5
3.    In the Alternative: Wrongful Constructive Termination in Violation of Public Policy
4.    Retaliation In Violation of Title VII— 10.8 Civil Rights for Opposing and Reporting Unlawful Employment Practice to the EEOC and UNAC (Employee Union)
5.    Race Discrimination in Violation Civil Rights Act 1866, 42 U.S.C. §1981 (Government § 12900, et seq.)
6.    Unlawful Employment Discrimination Based on Sex in Violation of California Government Code § 12940(a)

---

[2] Michael Martinucci V. Southern California Permanente Medical Group. Mr. Jeffrey Weisz
[3] See Defendants Opposition to Plaintiff Judicial Notice of KFHP dba Kaiser Permanente on 04/29/2022; 06/10/2022 and opposition to Plaintiff motion for sanctions due to concealing this fact in violation or FRCP Rule, 11, 26 and 37 on dates: 4/27/2022; 5/23/2022; 6/14/2022; 6/18/2022; 6/23/2022; 5/30/2022; 9/13/2022; 9/16/2022; 9/29/2022; 10/21/2022; 10/25/2022 etc. As well as Defendants fraudulent CERTIFICATE of Interested Parties citing ONLY Kaiser Foundation Hospitals, Southern California Permanente Medical Group as Defendant in the suit. ECF No. 87.

**Plaintiff Notice of Defendants Failure to pursue the ADR in accord with the Rules of Procedure with reasonable diligence Material Breach of the ADR Agreement, Intentional Deceit, Fabrication of Evidence and Request for Dispositive Sanctions**

7. Harassment Based Upon Race in Violation of FEHA (Govt. Code §§ 12900 et seq.)
8. Failure to Prevent Harassment, Discrimination and Retaliation in Violation of FEHA (Cal. Gov. Code 12900 et seq.
9. Aiding and Abetting Harassment and Retaliation (Cal. Gov. Code § 12940(i))
10. Unfair Business Practices (Cal. Bus. & Prof. Code § 17200):
11. Breach of Employment Contract in violation of Lab. Code, § 2924
12. Breach of Fiduciary Duty
13. Fraudulent Misrepresentation
14. Intentional Infliction of Emotional Distress
15. Negative Infliction of Emotional Distress
16. Defamation

**4.** Plaintiff also believes that there are elements to lead one to believe that the Kaiser Permanente parties, and their counsel have engaged in acts of "collusion" to deny Plaintiff's remedy under the Membership Agreement. In that, despite Attorney Hernandez (who represents both SCPMG and KFH) asserting that KFHP is NOT affiliated with KFH/SCPMG, and that Kaiser Permanente is not a business but a physical entity. When Plaintiff moved to challenge this assertion via the OIA. Attorney Hernandez now advised Plaintiff that he cannot seek ADR via the OIA because he filed claims against the same parties in federal court.

**5.** Moreover, absent presentation of the discovery requested in which Defendants relied on to assert the claims (in federal court) that KFHP does own hospital via KFH and KFH does not dba Kaiser Permanente and that Kaiser is not a business but a physical entity etc. They would have engaged in acts of fraudulent misrepresentation to Plaintiff, Neutral Wissley. As well as a federal court judge. As they have yet to provide ANY evidence to explain why the executives of KFHP would allow counsel to waiver from the business makeup of the Kaiser Parties in federal court. Yet, when the claims filed via OIA. Cover up counsels' misrepresentation of the parties and displace blame to Plaintiff as the wrongdoer.

## II.     <u>Terminating Sanctions Are Appropriate Due to Defendants Use of Fabricated Evidence</u>

Counsel knew their request for demur was devoid of facts when they made it. Yet willingly made the pleadings in bad faith without regards to the truth, intentionally made factual misrepresentations to the Neutral Arbitrator, intentionally hid and fabricated material facts which, if known to the Neutral, could have terminated, or significantly altered the basis of the ADR proceedings i.e., deny Plaintiff fair remedy via ADR.

This is in addition to the fact that Defendants legal Counsel intentionally took steps to deceive the (previous) Neutral and deprive Plaintiff of his constitutional/legal rights based on false evidence. As on **Wed 11/9/2022 1:15 PM**: Attorney Berkely uploaded his demand for demur to the ADR Case

– 3 –

Management System and directed Judge Rosenberg to view "Claimant's Demand for Arbitration ("DFA")." However, this act was fraudulent. As

1. Counsel knew that the DFA referenced was no longer valid. Thus, took active steps to "**conceal**" Plaintiffs Amended complaint served to them via email on Wed **10/26/2022 4:43 PM.** See the email except below to confirm this fact as true.

RE: Hightower, James v. Kaiser ADRS Case No. 22-6209-GSR OIA Case No. 17662

james hightower <q4cpt@hotmail.com>
Wed 10/26/2022 4:43 PM
To: morgan@adrservices.com <morgan@adrservices.com>;sblakeley@ljdfa.com <sblakeley@ljdfa.com>

Hello Morgan as stated during out phone call today. I have attached my amended complaint and response to Defendants intent to demur.

Please contact me if you have any questions.

2. Defendants' actions to reference the obsolete DFA cannot be by mistake. As, on **Wed 11/9/2022 9:35 AM.** They were directed by Ms. Chelsea Mangel (Business Development Manager) to view Plaintiff "First Amended DFA" to find if the need for demur was still warranted due to Plaintiff's amended pleadings. Having acknowledged receipt of the Amended DFA. Defendants alleged a demur was still necessary. Yet, still referenced the initial DFA as if it were a true representation of Plaintiff's Amended Pleadings.

3. Furthermore, a review of Plaintiff's claims for (professional (medical) negligence) confirms where he originally errored in citing in his employment as the cause of action in the request for ADR. This error was corrected, and the Amended Complaint served to Defendants via email, **weeks prior** on the date noted above. Thus, Defendants knew the pleadings in their demand for demur was false/no longer valid. Yet, they made the pleadings recklessly and without regard to the facts.

4. Where Defendant alleges, Plaintiff does not set forth facts constituting medical negligence against the psychiatrist (emphasis added). This claim too is false. As, express charges are made against the psychiatrist on pg. 9-10 of Plaintiff's FAC. **(4)** Where Defendant cites Code of Civil Procedure section 430.10(c) one grounds Plaintiff has filed another action pending between the same parties on the same cause of action (emphasis added). See Defendants Demand for Demur pg. 5:1-5. This claim too is a deliberate fabrication of evidence.

**Plaintiff Notice of Defendants Failure to pursue the ADR in accord with the Rules of Procedure with reasonable diligence Material Breach of the ADR Agreement, Intentional Deceit, Fabrication of Evidence and Request for Dispositive Sanctions**

Courts have seemingly universally granted Motions for Terminating Sanctions based upon evidence that a party has manufactured evidence and provided false pleadings to the court. Examples of such cases are noted below:

i.    Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) affirmed an $11,000,000 "default judgment entered against [the defendant] as a sanction for his perjury during depositions and the false pleadings he filed with the court."

ii.    Jackson v. Murphy, 468 Fed. Appx. 616, 620 (7th Cir. 2012) affirmed the "sanction of dismissal" where the party "both perjured himself and forged a document" in the case.

iii.    Pope v. Fed. Exp. Corp., 974 F.2d 982, 984 (8th Cir. 1992) found that dismissal of plaintiff's action was appropriate where plaintiff introduced manufactured evidence and perjured testimony in an attempt to enhance the case.

### III.    Kaiser Permanente - HMO Membership Agreement Mandate "Terminating" Sanctions Due to Defendants Material Breach of the Express Terms of the Kaiser Permanente Member Arbitration Agreement and the Mandates of the OIA

Defendant, KFHP as the author of the arbitration agreement, knows better than anyone else that after being served notice of alleged violations/duties of the membership agreement and the applicable fees paid to the OIA in July 2022. Their actions to avoid providing a response to the claims, refusal to exchange evidence and opting to conceal material facts to seek a demur (months later) on the false argument that the same claims are being heard in federal court. And refusing to comply with the terms on the grounds that Plaintiff's complaint is NOT in compliance with CACI 501 to set forth facts establishing a claim for medical negligence: Is no doubt a "material" breach of ADR agreement. (Defendant Notice of Demur: pg. 2:1-9).

As the Kaiser Permanente - HMO Membership Agreement states, a claim filed by a member is sufficient for arbitration if only the **basis** for the claims of **alleged** violations is related duties and obligations of Kaiser Permanente et al (emphasis added). In fact, when discussing the mechanism of how ADR should proceed. Kaiser Permanente - expressly states.[4] After an impartial arbitrator is selected by the parties. The parties are to **(1)** engage in pre-arbitration discovery of documents, exchange of other information and **(2)** then participate in an arbitration hearing. At which time both sides present evidence claims, defense and testimony relied on to support their case (emphasis

---

[4] See https://account.kp.org/content/dam/kp/bcssp/broker/ca/documents/working-with-kp/ever/online-california-arbitration-management-system-ca-en.pdf)

**Plaintiff Notice of Defendants Failure to pursue the ADR in accord with the Rules of Procedure with reasonable diligence
Material Breach of the ADR Agreement, Intentional Deceit, Fabrication of Evidence and Request for Dispositive Sanctions**

added). However, as noted herewith. It is "solely" due to the actions of Defendant that ADR was
halted and prevented from being carried out in the manner mandated by the agreement.

### IV.    Dismissal In Favor of Plaintiff Is Substantively and Procedurally Fair

Defendants' actions to deny justice cannot be ignored by the Neutral and they should no
longer be allowed to continue disputing the claims: As the evidence noted above. Confirms that each
member of the conspiracy (Kaiser Permanente Party) acted in concert and came to a mutual
understanding to accomplish a common and unlawful plan, and that one or more of them committed
an overt act to further it.  More importantly, Defendants were afforded an opportunity address this
claim of conspiracy/collusion, but they refused. Defendants were offered an opportunity to abide by
the rules of the ADR agreement. Yet, they continuously engaged in the negative acts above, prior to
and after being informed verbally and receiving written warning (with supporting evidence) that their
claims are absent relevant fact and or evidence to support a demurrer. Yet, they continued.

While a hearing must be convened. There is no "viable" defense to their actions. As Plaintiff
notice to Defendants should be seen as a need for corrective action. In the circumstances, one would
expect the Counsel to revamp their arguments and address the claims alleged. However, refusing to
waiver on their frivolous claims and relying on "manufactured" evidence to dismiss this case is
nothing less than gross mutiny from the terms of the agreement. As well as violation of the law. Thus,
dismissal of this complaint if favor of Plaintiff is procedurally and substantively fair.

**Case and Point:**

   **A.** <u>Per Sections 2, 3 and 4 of the Federal Arbitration Act</u>

The right to arbitration under this "Binding Arbitration" section **shall not be denied, stayed,
or otherwise impeded** because a dispute between a Member Party and a Kaiser Permanente Party
involves both arbitrable and non-arbitrable claims or because one or more parties to the arbitration is
also a party to a pending court action with a third party that arises out of the same or related
transactions and presents a possibility of conflicting rulings or findings.

   **B.** <u>CA Health and Safety Code</u>

*Defendants' rationale to dismiss Plaintiff's claims contradicts CA Health and Safety Code
(CHSC) and renders the arbitration agreement procedurally and substantively defectives. As, KFHP
promised to abide by CHSC* mandates to provide full disclosure of the terms of the arbitration
agreement to its members (see CA Health and Safety Code: 1363.1). Thus, Defendants actions noted
herewith confirm the agreement is either **(i)** nothing more than a tool to "trick" consumers and

–  6  –

lawmakers into believing the agreement is expressive upon its terms. Or **(ii)** Defendants engage in a concerted effort in blatant disregard for the agreement to deny fair remedy.

Plaintiff makes this argument on the grounds that: Defendants having authored the agreement to become compliant with the law. Knew their claims and reasons cited to dismiss the complaint was NOT supported by factual, legal, or evidentiary support. In that, for such claims to be alleged, the ADR agreement would have to state that **(i)** binding ADR **shall be denied or stayed** if arbitrable and non-arbitrable claims are filed. Or **(ii)** that binding ADR will be denied because one or more parties to the arbitration is also a party to a pending court action that arises out of the same or related transactions and presents a possibility of conflicting rulings or findings. And **(iii)** that NOT all claims would be subjected to ADR if they are NOT pled in a specific manner to be heard by a neutral.

Yet, the ADR agreement is absent Defendants having such right/authority to amend the rules. And I could find no rule or language in the ADR agreement that allows Defendant to assert such arguments and or request a demur (object) to cause of actions raised by Plaintiff i.e., a Kaiser Health Plan member.

### E. Express Terms of the Agreement

Under Section 2 of the FAA: "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Schein v. Archer & White Sales*, Inc., 586 U.S., slip op. at *4 (Jan. 8, 2019) (citation and quotation omitted). Section 2 also "requires courts to place arbitration agreements on an equal footing with all other contracts." *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1424 (2017) (quotations and citations omitted).

Here Defendants have no dispute to this claim. As, not only does their actions give rise to this complaint and motion for terminating sanctions. Plaintiffs notice to Defendants Health Plan representatives, of issues that were an imminent and serious threat to his health. Should have initiated the grievance procedure and been investigated. But certainly not their advising Plaintiff that his health care needs are none of their concerns.

### LEGAL ARGUMENT

### V.    Defendants' Actions Waive Their Right to Respond to Plaintiffs Claims

This request is reasonable as the U.S. Court of Appeals for the Federal Circuit upheld a district court's imposition of sanctions, finding that there was no clear error in the district court's narrowly tailored sanctions for making factual misrepresentations. *Monsanto Co. v. E.I. Du Pont de Nemours & Co.,* Case No. 13-1349 (Fed. Cir., May 9, 2014).

Thus, Defendants fraud should be taken as their waiver to provide a response to any of the claims. In that lying about the facts central to the case, including the nature of the case simply cannot be tolerated and cannot be remedied by any lesser sanction than dismissal with prejudice. See the case of *Destafano v. State Farm Mutual Automobile Insurance Co.*, 28 Fla. L. Weekly D1077 (Fla. 1st DCA April 28, 2003), the First DCA affirmed the dismissal with prejudice of an uninsured motorist's claim for various false statements and omissions "on matters central to the issues in her lawsuit."

Moreover, Code of Civil Procedure §128.7 states that when an attorney or underrepresented party files a paper in court, he or she is making representations to the court that certain conditions have been met, and it provides for sanctions if there are any violations. Here dispositive sanctions are warranted. As Defendants hostility and chastising words prior to filing the demand for demur suggest the demur was presented primarily for an improper purpose, such as harassment or delay.

Furthermore, there is NO DOUBT that Defendants legal contentions WERE NOT warranted or supported the ADR Agreement, by existing law or by nonfrivolous argument; there were NO Factual contentions and allegations warranted by the evidence or are likely to have evidentiary support after investigation; and the denial of factual contentions is NOT warranted by the evidence and CAN NOT be reasonably based on lack of information or belief.

### REMEDY REQUESTED

Plaintiff respectfully request Neutral Wissley impose her inherent powers and impose terminating sanctions due to Defendants fraud and material breach of the agreement. In that where *"The decision to enter a default judgment ought to be the last resort. It shall be ordered if non-compliance is due to willful or bad faith disregard of court orders. Coors v. M.A.R. and the Klan, 777 F.2d 1538, (11th Cir. 1985).* Or, in the alternative. Plaintiffs request the Neutral conduct a show-cause hearing to allow Defendant to (a) answer for its lie; and (b) explain why **default judgment** should not be entered against it.

Respectfully Submitted.

DATED: Friday, December 16, 2022             BY: *James Hightower*

James Hightower (Pro Per)
29142 Hidden Meadow Dr
Menifee, CA 92584
Ph: 951-490-3355

– 8 –

**Plaintiff Notice of Defendants Failure to pursue the ADR in accord with the Rules of Procedure with reasonable diligence Material Breach of the ADR Agreement, Intentional Deceit, Fabrication of Evidence and Request for Dispositive Sanctions**

# CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the foregoing document to all attorney of record: Attorney Scott Blakeley <sblakeley@ljdfa.com> David Ozeran <DOzeran@ljdfa.com> and rendered service via certified mail on **12/16/22**

Date: **December 16, 2022**

*James Hightower*

James Hightower (pro per Plaintiff)
29142 Hidden Meadow Dr
Menifee, CA 92584
951-490-3355

**Plaintiff Notice of Defendants Failure to pursue the ADR in accord with the Rules of Procedure with reasonable diligence Material Breach of the ADR Agreement, Intentional Deceit, Fabrication of Evidence and Request for Dispositive Sanctions**