FILED
CLERK, U.S. DISTRICT COURT
11/27/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_DE\_\_\_\_\_ DEPUTY

James Hightower (pro per Plaintiff)
29142 Hidden Meadow Drive
Menifee, CA 92584
Ph.: 951-490-3355

CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)

| | |
|---|---|
| James Hightower<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Kaiser Foundation Health Plan, Inc (KFHP). The Office of the Independent Administrator (OIA) (Attorney Marcella A Bell; Neutral Deborah Z. Wissley) and Does 1-10<br>　　　　Defendants. | Case No. 5:23-cv-00282-JWH-KK<br><br>**Plaintiff Notice Of Default And Application For Entry Default Judgment By the Court against Defendant The Office Of The Independent Administrator (OIA)**<br><br>**Memorandum and Affidavit In Support Of Default Attached**<br><br>Date: January 5, 2024<br>Time: 0900<br>Dept.: 9-D<br>Judge: Hon. John W. Holcomb |

TO THE COURT AND DEFENDANTS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on **January 5, 2024, at 0900** a.m. before the Honorable John W. Holcomb at the Ronald Reagan Federal Building and U.S. Courthouse 411 W. 4th Street, Santa Ana, California 92701-4516, Courtroom 9D, 9th Floor, plaintiff will present its application for a default judgment against defendant, the Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. (OIA).

This Application is based on this Notice, the attached Affidavit of James Hightower and the pleadings, files and other matters that may be presented at the hearing.

November 27,2023,

　　　　　　　　　　　　　　　　　　　　　*James Hightower*
　　　　　　　　　　　　　　　　　　　　　James Hightower
　　　　　　　　　　　　　　　　　　　　　29142 Hidden Meadow Dr
　　　　　　　　　　　　　　　　　　　　　Menifee, CA 92584

James Hightower (pro per Plaintiff)
29142 Hidden Meadow Drive
Menifee, CA 92584
Ph.: 951-490-3355

CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)

| | |
|---|---|
| James Hightower<br><br>Plaintiff,<br><br>vs.<br><br>Kaiser Foundation Health Plan, Inc (KFHP). The Office of the Independent Administrator (OIA) (Attorney Marcella A Bell; Neutral Deborah Z. Wissley) and Does 1-10<br><br>Defendants. | Case No. 5:23-cv-00282-JWH-KK<br><br>**Plaintiff's Memorandum Of Points And Authorities In Support Of Notice Of Motion For Entry Default Judgment By Court**<br><br>Date: January 5, 2024<br>Time: 0900<br>Dept.: 9-D<br>Judge: Hon. John W. Holcomb |

## BACKGROUND

The gravamen of the suit is that during arbitration (OIA Arbitration No.: 17662), the Office of the Independent Administrator of the Kaiser Foundation Health Plan, Inc (OIA) abandoned its duties as KFHP's designated ADR entity and promises to KFHP members by colluding with KFHP, KFH, and SCPMG to deny my right to a fair hearing, due process of the law and prevent me from enjoying the benefits of the (material breach) the settlement agreement negotiated by the parties on January 11, 2023, to move the matters from this court (Case No. 5:22-cv-00181-JWH-KK) into the OIA to resolve my quest for damages in the sum of 10,230.000.00 (ten million, two hundred and thirty thousand dollars and no cents).

## ARGUMENT FOR DEFAULT JUDGEMENT

It has recently been brought to my attention that, despite Ms. Bell being the "independent administrator" for the OIA (Office of the Independent Administrator of the Kaiser Foundation Health Plan, Inc. (KFHP) and being properly served the summons to appear on 2/21/2023 (Dkt. 3), <u>no one has appeared personally or appeared</u>

<u>as a representative on behalf of the OIA e.g., the Office of the Independent Administrator of the Kaiser Foundation Health Plan, Inc.</u>

My inability to discover this fact sooner comes from Ms. Bell's legal counsel, Mr. Keshaw, intentionally conflating **(A)** the OIA (Office of the Independent Administrator of the Kaiser Foundation Health Plan, Inc located at 635 S. Hobart Blvd., #A35 Los Angeles, CA 90005 (KFHP), **vs. (B)** Ms. Bell's own personal business, Ms. Marcella A. Bell dba The Office of the Independent Administrator located at 3580 Wilshire Blvd. 2020, Los Angeles CA, 90010. **Case and Point**:

**1.** On March 28, 2023, Attorney Kershaw acknowledge the service of summons served to the OIA at Hobart Blvd., #A35 Los Angeles, CA 90005. See Plaintiff's Affidavit ¶ 3.

**2.** On March 29, 2023, Attorney Kershaw advised that the summons and complaint were ineffectively served on Ms. Marcella Bell at the office of the OIA because she is the sole proprietor of the OIA. Plaintiff's Affidavit ¶ 4.

**3.** On April 06, 2023 (Dkt. 29) Mr. Kershaw filed a motion to quash.

**4.** On August 14,2023 (Dkt. 55) The Court denied the motion to quash.

**5.** As noted on October 9, 2023, Dkt 68 **Notice of Interest to Parties,** Ms. Bell continues to appear in this case as the sole proprietor of her own business, e.g., M. Bell dba, the Office of Independent Administration. Yet, provide a defense for and seek to dismiss the actions against her business as if the suit were against it and not KFHP's OIA.

**6.** On October 23, 2023. Per Counsel Kershaw, "defendant Marcella A. Bell DOES NOT "represent" the OIA (Office of the Independent Administrator of the Kaiser Foundation Health Plan, Inc. (KFHP) in these matters, and REPRESENTS HERSELF as dba The Office of the Independent Administrator, in which Ms. Bell is the sole proprietor and owner," a different entity than KFHP's ADR program. As a

**PLAINTIFF NOTICE OF DEFAULT AND APPLICATION FOR ENTRY DEFAULT JUDGMENT BY COURT**

result, counsel requests that I dismiss Ms. Bell as defendant (only) because KFHP has already been served. (Plaintiff Affidavit ¶ 7).

## LEGAL ARGUMENT FOR DEFAULT JUDGMENT

**A. Default Judgment**

Fed. R. Civ. P. 55 governs default judgments. Upon motion of a party, Rule 55(a) provides that a default judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

If a party's factual allegations are unchallenged because of a defendant's unresponsiveness, a district court has the discretion to grant default judgment. See Disney Enters. v. Delane, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment is appropriate when defendant is "unresponsive for more than a year" after denial of motion to dismiss, even though defendant was properly served with plaintiff's motions for entry of default and default judgment); Park Corp v. Lexington Ins. Co., 82 F.2d 894, 896 (4th Cir. 1987) (affirming default judgment when defendant lost summons and did not respond within the proper timeframe).

Almost "**TEN**" months has elapsed since defendant, the Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. (KFHP) was duly served with the Complaint and "**THREE**" months since the court denied the OIA's motion to quash. The OIA for KFHP ADR has neither filed an Answer nor otherwise defended against the Complaint. The defendant is not an active member of the United States military, an infant, or incompetent (Plaintiff Affidavit ¶ 14). Thus, resolving all doubt that the representatives for KFHP ADR program, the OIA was available to respond or defend against this case and failed to do so.

### B. Damages

Per Fed. R. Civ. P. 8(b)(6). If the record supports the damages requested, then the court may award damages without a hearing. See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc., Civ. No. NKM 09- 0004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding no evidentiary hearing on damages needed based on moving party's affidavit and printout submissions establishing amount of damages sought) (citing DirecTV, Inc. v. Yancey, Civ. No. 40-0011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that where sufficient evidence exists to support damages, "[a] hearing in open court is not required.")). The type and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings. Fed. R. Civ. P. 54(c).

At Dkt. "57" of the FAC filed on 9/1/2023. I asserts that the Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. (KFHP) and KFHP owes an amount not less than 1,300.000.00 (one million three hundred thousand dollars and no cents) The OIA's portion of the damages is calculated to be "half" of the requested damages in the amount of $ **650,000.00** (six hundred fifty thousand dollars and no cents), including any other interest or penalties accrued pursuant to Fed. R. Civ. P. 54(c).

### CONCLUSION

In sum, I respectfully recommend that the Court, GRANT my Motion for Default Judgment against Defendant, and enter judgment in favor of the Plaintiff in the amount of **650,000.00** (six hundred fifty thousand dollars and no cents), including any other interest or penalties accrued pursuant to Fed. R. Civ. P. 54(c).

November 27, 2023,

*James Hightower*
James Hightower
29142 Hidden Meadow Dr
Menifee, CA 92584

**PLAINTIFF NOTICE OF DEFAULT AND APPLICATION FOR ENTRY DEFAULT JUDGMENT BY COURT**

James Hightower (pro per Plaintiff)
29142 Hidden Meadow Drive
Menifee, CA 92584
Ph.: 951-490-3355

CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)

| | |
|---|---|
| James Hightower<br><br>  Plaintiff,<br>       vs.<br>Kaiser Foundation Health Plan, Inc (KFHP). The Office of the Independent Administrator (OIA) (Attorney Marcella A Bell; Neutral Deborah Z. Wissley) and Does 1-10<br>       Defendants. | **Case No. 5:23-cv-00282-JWH-KK**<br><br>**Plaintiff's Affidavit For Entry Of Default Judgment**<br><br>**Date: January 5, 2024**<br>**Time: 0900**<br>**Dept.: 9-D**<br>**Judge: Hon. John W. Holcomb** |

The affiant, James Hightower, being duly sworn, states as follows:

**1.** That the affiant has personal knowledge of the facts set forth in the affidavit.

**2.** As noted in Exhibit "A, "the defendant, the Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. (OIA), was served with a summons and a copy of the Statement of Claim/Complaint on (date) 3/6/2023.

**3.** On Tuesday, March 28, 2023, Attorney Kershaw contacted me to discuss the summons naming Marcella Bell as a defendant in connection with the above-referenced lawsuit. (Exhibit "A" email No. 2)

**4.** On March 29, 2023, Attorney Kershaw advised that the summons and complaint were ineffectively served on Ms. Marcella Bell, for reasons I would learn were because Ms. Bell has her own personal business, also called the OIA. (Exhibit "A" email No. 4).

**5.** I have NEVER had any business dealings with Ms. Bell's own personal business and only dealt with defendant M. Bell as the "independent administrator" for the Office of the Independent Administrator of the Kaiser Foundation Health Plan, Inc. (OIA). Thus, served Ms. Bell at the address of KFHP's OIA.

- 6 -
**PLAINTIFF NOTICE OF DEFAULT AND APPLICATION FOR ENTRY DEFAULT JUDGMENT BY COURT**

6. As noted on October 09, 2023: Dkt 68. **NOTICE of Interested Parties** filed by Defendant Marcell A. Bell; Ms. Bell has opted NOT to represent KFHP's OIA in this matter. As she, Ms. Bell appears in this case as the sole proprietor of her own business, e.g., M. Bell dba, the Office of Independent Administration, and NOT as the Office of the Independent Administrator of the Kaiser Foundation Health Plan, Inc. (KFHP), the Mandatory Arbitration System for Disputes with Health Plath Members (OIA).

7. On Monday, October 23, 2023, Attorney Kershaw requested that I dismiss Ms. Bell as a defendant (only) because KFHP has already been served. See Mr. Kershaw's admission and the notice of dismissal that Mr. Kershaw drafted, and request that I sign attached as Exhibit "A" email No. 9.

8. As noted in Exhibit "B" KFHP recognized the interested parties as.
   a. James Hightower, Plaintiff in Pro Se.
   b. Kaiser Foundation Health Plan, Inc., Defendant.
   c. Marcella A. Bell, Defendant.
   d. Deborah Z. Wissley, Defendant.
   e. The Office of the Independent Administrator (OIA).

9. Thus, where Mr. Kershaw states that KFHP is the representative for the Office of the Independent Administrator of the Kaiser Foundation Health Plan, Inc. (OIA), KFHP's attorney, Ms. Raphelt, does NOT represent the Office of Independent Administration and lists the entity as a separate defendant.

10. While the defendant, Ms. Wissley responded to the service of Summons served to the Independent Administrator of the Kaiser Foundation Health Plan, Inc. (OIA), Ms. Wissley has made no representation on behalf of the Office of Independent Administration and represents herself pro per e.g., the OIA's contracted arbitrator and not its representative.

PLAINTIFF NOTICE OF DEFAULT AND APPLICATION FOR ENTRY DEFAULT JUDGMENT BY COURT

11. More than **240** days have elapsed since the defendant, the Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. (OIA), was served with a summons and a copy of the Statement of Claim/Complaint.

12. The Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. (OIA), has failed to answer or otherwise defend against my Statement of Claims/Complaint.

13. This affidavit is executed by the affiant in accordance with Rule 55(b), FRCP, for the purpose of enabling the plaintiff to obtain a default judgment against the defendant (the Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc.), for the defendant's failing to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.

14. Defendant, the Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. is not a minor or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (See Affidavit of Plaintiff at ¶ 7.).

15. Notice of this application has been served as required by Rule 55(b)(2) to the Office Of The Independent Administrator of The Kaiser Foundation Health Plan, Inc at the Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. (OIA) 635 S. Hobart Blvd., #A35 Los Angeles, CA 90005.

16. Notice of this application for default judgment by court has been served on said defendant on November 27, 2023, by registered mail as required by Local Rule 55.

**I declare on this date in Riverside, California, that the forgoing is both true and correct to the best of my knowledge.**

November 27, 2023,

*James Hightower*
James Hightower
29142 Hidden Meadow Dr
Menifee, CA 92584

**PLAINTIFF NOTICE OF DEFAULT AND APPLICATION FOR ENTRY DEFAULT JUDGMENT BY COURT**

# CERTIFICATE OF SERVICE

My name is Erin Hightower, I am over the age of eighteen and not a party to this action. I hereby certify notice of motion and this application of default judgment has been served as required by Rule 55(b)(2) by mailing the foregoing document via registered mail with return postal receipt to The Office Of The Independent Administrator Of The Kaiser Foundation Health Plan, Inc. (OIA) 635 S. Hobart Blvd., #A35 Los Angeles, CA 90005.

Date: November 27, 2023:

*Erin Hightower*
James Hightower
29142 Hidden Meadow Dr
Menifee, CA 92584
Ph. 951-490-3355

**PLAINTIFF NOTICE OF DEFAULT AND APPLICATION FOR ENTRY DEFAULT JUDGMENT BY COURT**

# EXHIBIT "A"

# EMAIL No. 1

**Re: [Serve Manager] Job #8458393 Affidavit**
Getem Process Servers and Investigators <getem626@gmail.com>
<mark>Tue 3/14/2023 1:33 PM</mark>
To: james hightower <q4cpt@hotmail.com>

    1 attachments (196 KB)
REVISED SIGNED POS.pdf.
Hello,

Please see the revised POS for OIA.

Regards,
Jeanne

---

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)     BY FAX CCP 2.305
Civil Action No. 5:23-cv-00282-SSS-SP

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Office of the Independent Administrator was received by me on *(date)* 2/27/23.

☐ I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there, on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is designated by law to accept service of process on behalf of *(name of organization)* _____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because: _____ ; or

☒ Other: This is a Mailbox Store. Served Clerk, Hong Lee ; or

My fees are $ _____ for travel and $ _____ for services, for a total of $ $85.00.

I declare under penalty of perjury that this information is true.

Date: 03/07/2023

Server's signature
KEITH WILLIAMS - LACO #7113
Printed name and title

230 E. Foothill Blvd., Arcadia, CA 91006 (626)499-5099
Server's address

Additional information regarding attempted service, etc.:
1) Successful Attempt: Mar 6, 2023, 6:20 pm PST at Office of the Independent Administrator: 635 S. Hobart Blvd. #A35, Los Angeles, CA 90005 ;Hong Lee (30 years old Mal , Asian, 150 pounds 5'10" black hair brown eyes) - Clerk

ADDITIONAL DOCUMENTS SERVED:
COMPLAINT
NOTICE TO PARTIES OF COURT DIRECTED ADR PROGRAM
NOTICE TO COUNSEL RE CONSENT TO PROCEED BEFORE A US MAGISTRATE JUDGE
COURT COPY CERTIFICATE OF INTERESTED PARTIES

Page 2 of 6

## EMAIL No. 2

**From:** Seth Kershaw <Kershaw@rse-law.com>
**Sent:** Tuesday, March 28, 2023, 2:19 PM
**To:** q4cpt@hotmail.com <q4cpt@hotmail.com>
**Cc:** Lori Siderman <siderman@rse-law.com>
**Subject:** James Hightower v. Kaiser Foundation Health Plan, Inc., et al. | Case No. 5:23-cv-00282-SSS-SP | RSE 108.001

Good afternoon Mr. Hightower,

This email follows my voicemail to you. Our law firm represents Marcella Bell in connection with the above-referenced lawsuit in which you named Ms. Bell as a defendant. I would like to discuss this matter with you at your earliest convenience. Please give me a call at the number below in my signature block.

## EMAIL No. 3

**From:** james hightower <q4cpt@hotmail.com>
**Sent:** Wednesday, March 29, 2023 12:37 PM
**To:** Seth Kershaw <Kershaw@rse-law.com>
**Cc:** Lori Siderman <siderman@rse-law.com>
**Subject:** Re: James Hightower v. Kaiser Foundation Health Plan, Inc., et al. | Case No. 5:23-cv-00282-SSS-SP | RSE 108.001

Hello,
 Sorry for the late reply but, as you know, I am not an attorney and do not have normal business hours. I am a ER and CCT RN, so won't be available to speak until this weekend. Please advise me what you would like to speak about. The deadline to respond was on Monday and I have already filed for default and default judgment for the ADR to be administered by another entity.

## EMAIL No. 4

**From:** Seth Kershaw <Kershaw@rse-law.com>
**Sent:** Wednesday, March 29, 2023 1:19:34 PM
**To:** james hightower <q4cpt@hotmail.com>
**Cc:** Lori Siderman <siderman@rse-law.com>
**Subject:** RE: James Hightower v. Kaiser Foundation Health Plan, Inc., et al. | Case No. 5:23-cv-00282-SSS-SP | RSE 108.001

Mr. Hightower,

In addition to discussing this case generally, my purpose for contacting you was to advise you that the summons and complaint were ineffectively served on our client, Marcella Bell. As reflected in the attached proof of service you filed, the summons was served on an employee at a mailbox store. Plainly, the summons was not served on Ms. Bell personally or at her place of residence or business (after attempts at personal service and accompanying affidavit of diligence). As a result, any attempt to obtain a default or default judgment is similarly ineffective.

We are agreeable to accepting service of process on behalf of Ms. Bell. If you have filed for entry of default, as mentioned in your email, we request that you withdraw the request or stipulate to setting aside a default if one has been entered given that service on Ms. Bell was ineffective. Please advise at your earliest opportunity.

# EMAIL No. 5

**From:** james hightower <q4cpt@hotmail.com>
**Sent:** Wednesday, March 29, 2023 3:17 PM
**To:** Seth Kershaw <Kershaw@rse-law.com>
**Cc:** Lori Siderman <siderman@rse-law.com>
**Subject:** Re: James Hightower v. Kaiser Foundation Health Plan, Inc., et al. | Case No. 5:23-cv-00282-SSS-SP | RSE 108.001

Hello. I am not aware of incomplete service. I have included the service company in this email. They guaranteed service was proper and most importantly the neutral was served via the same manner, same address and responded weeks ago.

# EMAIL No. 7

**From:** Seth Kershaw <Kershaw@rse-law.com>
**Sent:** Wednesday, March 29, 2023, 3:37 PM
**To:** james hightower <q4cpt@hotmail.com>
**Cc:** Lori Siderman <siderman@rse-law.com>; Michelle Balady <balady@rse-law.com>
**Subject:** RE: James Hightower v. Kaiser Foundation Health Plan, Inc., et al. | Case No. 5:23-cv-00282-SSS-SP | RSE 108.001

Mr. Hightower,

While service companies are routinely used for legal process, the process servers are not attorneys. If you will not stipulate to set aside a default, then we will have no alternative but to file a motion to do so. We would prefer to save the Court's time and judicial resources in this regard.

# EMAIL No. 8

**From:** james hightower <q4cpt@hotmail.com>
**Sent:** Wednesday, March 29, 2023 3:48 PM
**To:** Seth Kershaw <Kershaw@rse-law.com>
**Cc:** Lori Siderman <siderman@rse-law.com>; Michelle Balady <balady@rse-law.com>
**Subject:** Re: James Hightower v. Kaiser Foundation Health Plan, Inc., et al. | Case No. 5:23-cv-00282-SSS-SP | RSE 108.001

I disagree with the OIA not being properly served. And the waste of the courts time is yours not mine.

# EMAIL No. 9

RE: Request to Meet and confer regarding frivolous responses to Discovery and intent to move forward with Rule 11 sanctions.
James Hightower v. Kaiser Foundation Health Plan, Inc., et al.,
From: Seth Kershaw <Kershaw@rse-law.com>
Sent: Mon 10/23/2023 9:46 AM
To: james hightower <q4cpt@hotmail.com> Cc: Michelle Balady <balady@rse-law.com> 1 attachments (103 KB)
Request for Dismissal as to Marcella Bell dba OIA.pdf;

Mr. Hightower,
Please do not psychoanalyze my very brief email (1) requesting the grounds for claimed deficiencies with the responses to your discovery and (2) advising you that we will not further meet and confer with you regarding your misguided intent to file a frivolous Rule 11 motion. As to the former, we produced responsive records. If it is your contention that Ms. Bell is not the owner of the OIA, but rather that the OIA is part of Kaiser, you have already named Kaiser as a defendant. Thus, please file a dismissal of the OIA forthwith. Attached is a request for dismissal for you to sign. My office can handle filing the same with the Court.

Regarding the Rule 11 motion, your response confirms your failure to understand Rule 11 motions. As I have previously stated, my client has not alleged anything in this lawsuit. My client has filed a motion to dismiss, which argues that your FAC fails to state a claim for relief against the OIA. The motion is clearly supported by existing law. Now you may disagree that arbitral immunity precludes any claim against the OIA arising from the arbitration proceeding you initiated and then withdrew, but that is for the Court decide. And the Court will be ruling on the motion without a hearing or further improper briefing on your part.

---

James Hightower
29142 Hidden Meadow Drive
Menifee, CA 92584
Ph.: 951-490-3355
Email: q4cpt@hotmail.com

Plaintiff in pro se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| JAMES HIGHTOWER,<br><br>    Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC. (KFHP); THE OFFICE OF THE INDEPENDENT ADMINISTRATOR (OIA) (ATTORNEY MARCELLA A. BELL; NEUTRAL DEBORAH Z. WISSLEY); and Does 1-10,<br><br>    Defendants. | Case No. 5:23-cv-00282-JWH(KKx)<br><br>**REQUEST FOR DISMISSAL, WITH PREJUDICE, AS TO DEFENDANT MARCELLA A. BELL dba THE OFFICE OF THE INDEPENDENT ADMINISTRATOR**<br><br>Judge:    Hon. John W. Holcomb<br>Magistrate:  Hon. Kenly Kiya Kato |

Plaintiff JAMES HIGHTOWER hereby requests dismissal of the complaint, with prejudice, as to Defendant MARCELLA A. BELL dba THE OFFICE OF THE INDEPENDENT ADMINISTRATOR, only, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, with each party to bear that party's own costs and fees.

DATED: _____

                                                            _____
                                                            JAMES HIGHTOWER
                                                            (Plaintiff in pro se)

- 1 -                      Case No. 5:23-cv-00282- JWH(KKx)
REQUEST FOR DISMISSAL, WITH PREJUDICE, AS TO DEFENDANT MARCELLA A. BELL dba THE OFFICE OF THE INDEPENDENT ADMINISTRATOR

Page 5 of 6

# **EXHIBIT "B"**

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
GREGORY G. LYNCH, SB# 119996
  E-Mail: Greg.Lynch@lewisbrisbois.com
JENNIE M. RAPHELT SB# 332203
  E-Mail: Jennie.Raphelt@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
KAISER FOUNDATION HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JAMES HIGHTOWER,<br><br>    Plaintiff,<br><br>    vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC. (KFHP); THE OFFICE OF THE INDEPENDENT ADMINISTRATOR (OIA) ATTORNEY MARCELLA A. BELL; NEUTRAL DEBORAH Z. WISSLEY; and Does 1-10,<br><br>    Defendants. | Case No. 5:23-cv-00282-SSS (SPx)<br><br>**NOTICE OF INTERESTED PARTIES**<br><br>Judge: Hon. Sunshine S. Sykes<br>Courtroom: 2 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The undersigned, counsel of record for Defendant, KAISER FOUNDATION HEALTH PLAN, INC. (KFHP), certifies that the following listed parties have a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualifications or recusal.

1. James Hightower, Plaintiff in Pro Se;
2. Kaiser Foundation Health Plan, Inc., Defendant;

92181985.1     1     Case No. 5:23-cv-00282-SSS (SPx)
NOTICE OF INTERESTED PARTIES

3. Marcella A. Bell, Defendant;

4. Deborah Z. Wissley, Defendant;

5. The Office of the Independent Administrator (OIA), Defendant.

DATED: March 23, 2023

GREGORY G. LYNCH
JENNIE M. RAPHELT
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Jennie M. Raphelt*
JENNIE M. RAPHELT
Attorneys for Defendant,
KAISER FOUNDATION HEALTH PLAN, INC.

